## A98A0445. REID v. THE STATE.
(501 SE2d 842)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of two counts of aggravated assault by shooting a pistol in the direction of Paul Harris and by shooting Johnny Brown ("the victims"), armed robbery, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. The jury found defendant

---

[24] (Citation omitted.) *Cade v. Roberts*, 175 Ga. App. 800, 801 (334 SE2d 379) (1985).

not guilty of two counts of aggravated assault by ramming the victims' vehicle with a car. The evidence adduced at trial reveals that defendant drove a car behind a vehicle which the victims occupied; that defendant fired a handgun in the direction of one of the victims (Harris), and shot the other victim (Brown) in the shoulder; and that defendant's actions forced a collision between the two cars. Johnny Brown testified that, after this collision, defendant shot him, seized his gold necklace, and took money from his pocket.

Defendant filed this appeal after the denial of his motion for new trial. *Held*:

1. Defendant contends the trial court improperly expressed or intimated an opinion as to his guilt, in violation of OCGA § 17-8-57, by repetitively instructing the jury (on four occasions, after defining each charged offense and a lesser included offense) as to the form of the verdict should the jury find defendant guilty of an offense, beyond a reasonable doubt. Defendant argues that, while these instructions were correct statements of the law, repetition of the phrase, " 'We, the jury find the defendant guilty,' " could have caused the "jury to interpret that the judge was intimating that they had cause to find the defendant guilty on each count, especially since the jury heard this phrase over and over." Defendant reasons that such prejudice is likely because the trial court did not also repetitively charge the jury as to the required verdict form should they find defendant not guilty.

In *Tarpkin v. State*, 236 Ga. 67 (222 SE2d 364), those defendants complained that the trial judge expressed an opinion as to their guilt by charging the jury only on the form of the verdict should they find the defendants guilty. "[B]y looking to the charge to the jury as a whole, [the Supreme Court of Georgia concluded] that the omission of the not guilty form of verdict was not an expression of the judge's opinion to the jury. [The Supreme Court pointed out that immediately] following the instruction enumerated by [the defendants] the trial judge asked the jury, 'Do you understand that you must find them guilty or not guilty of all three counts in this indictment?' and later concluded with, 'You must return a verdict on all three counts, either guilty or not guilty.' [The Supreme Court reasoned that these] excerpts presented the jury with both guilty and not guilty options, and confirm our conclusion that the trial judge expressed no opinion as to the verdict he thought proper." Id. at 69 (4), 70, supra. Similar circumstances appear in the case sub judice.

The trial court not only repetitively charged the jury as to the "guilty" and "not guilty" options, the trial court balanced its repetitive charge on the required verdict form (should the jury find defendant guilty of an offense) by instructing the jury, "If you do not believe that the defendant is guilty of any of these offenses or if you have any

reasonable doubt as to the defendant's guilt, then it would be your duty to acquit the defendant in which event the form of your verdict would be: 'We, the jury, find the defendant not guilty.'" The trial court also properly charged the jury on the presumption of defendant's innocence, the State's burden of proving defendant's guilt beyond a reasonable doubt, the consequences of the State's failure to carry its burden, the concept of reasonable doubt, and the consequences of any such doubt. The trial court finally charged the jury that, "By no ruling or comment which the Court has made during the progress of the trial has the Court intended to express any opinion upon the facts of this case, upon the credibility of the witnesses, upon the evidence, or upon the guilt or innocence of the defendant." Under these circumstances, and in light of the jury's verdict finding defendant not guilty of two counts of aggravated assault by ramming the victims' vehicle with a car, we find nothing which effectively substantiates defendant's contention that the trial court improperly commented on defendant's guilt in violation of OCGA § 17-8-57.

2. Defendant challenges the sufficiency of the evidence in his remaining two enumerations of error, pointing to the weight of evidence supporting his defense of justification, conflicts in testimony supporting the State's case, and deficiencies in the manner in which law enforcement officers conducted their investigation.

"This court as a reviewing court must not necessarily pass on the weight of the evidence, but on the sufficiency of the evidence to support the verdict. *Harris v. State*, 236 Ga. 766 (225 SE2d 263) (1976); *Ingram v. State*, 204 Ga. 164, 184 (48 SE2d 891) (1948). On appeal of a conviction based on a jury verdict we should examine the evidence in a light most favorable to support that verdict. *Smith v. State*, 245 Ga. 44, 46 (262 SE2d 806) (1980); *Fleming v. State*, 236 Ga. 434 (224 SE2d 15) (1976). We resolve all conflicts in favor of the verdict. *Green v. State*, 242 Ga. 261 (249 SE2d 1) (1978). It is the duty of this Court to sustain the verdict if we should find when viewing the evidence in a light most favorable to the verdict that a rational trier of fact could find the defendant guilty beyond a reasonable doubt. *Patrick v. State*, 245 Ga. 417 [(265 SE2d 553)] (1980); *Shavers v. State*, 244 Ga. 491 (1) (260 SE2d 491) (1979); *Crenshaw v. State*, 244 Ga. 430 (260 SE2d 344) (1979); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Anderson v. State*, 245 Ga. 619, 622 (266 SE2d 221). In the case sub judice, the victims' testimony regarding defendant's violence and thievery on the night of the incident in question, as well as proof that defendant was a convicted felon when he shot Johnny Brown, is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of two counts of aggravated assaults, armed robbery, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon.

*Jackson v. Virginia*, 443 U. S. 307, supra.
 *Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED APRIL 17, 1998.

*Lambros & Lambros, Michael G. Lambros,* for appellant.
 *Alan A. Cook, District Attorney, Leonard D. Myers, Assistant District Attorney,* for appellee.