A99A0402. GAY v. HATFIELD.
(516 SE2d 856)

JOHNSON, Chief Judge.

Tabarius Gay was injured when the car he was driving crashed into a median wall on Interstate 285. He sued Payton Hatfield, alleging Hatfield caused the accident. The jury returned a verdict in favor of Hatfield. Gay appeals from the judgment entered on the verdict. We affirm.

1. Gay contends the trial court erred in denying his motion for directed verdict as to liability because the evidence was undisputed that Hatfield, by falling asleep while driving his truck, caused Gay's car to strike the median. We disagree.

A directed verdict is only authorized where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a particular verdict. *Flournoy v. Brown*, 226 Ga. App. 857, 861 (4) (487 SE2d 683) (1997). In determining whether the trial court erred in denying a motion for directed verdict, this court views and resolves conflicts in the evidence in favor of the verdict. *MARTA v. Mehretab*, 224 Ga. App. 263, 266 (2) (480 SE2d 310) (1997).

So viewed, the evidence shows that Hatfield fell asleep while driving his pickup truck on Interstate 285. His truck struck a tractor-trailer and became disabled, blocking two of the four travel lanes. It was dark and foggy at the time and Hatfield turned on his car's hazard lights. The driver of the tractor-trailer pulled his truck off the highway. Another trucker parked his truck on the shoulder and turned on his truck's hazard lights. The tractor-trailer driver whose vehicle had been struck placed reflective triangles behind Hatfield's car. The truck drivers directed traffic through the area. About ten to twenty minutes after Hatfield's accident, Gay was driving into the area and saw something ahead but could not tell what it was. He hit something in the road, then realized there was a disabled truck further ahead in the road. He swerved to avoid the truck, lost control of his car and crashed into the median.

There was evidence that Gay was traveling in excess of the speed limit at the time of his accident. Considering evidence as to the lapse of time between the accidents, the darkness, the fogginess, and Gay's speed, the trial court did not err in denying Gay's motion for directed verdict on the issue of liability. See generally *Mattox v. MARTA*, 200 Ga. App. 697, 698 (1) (409 SE2d 267) (1991); *McClure v. Ga. Power Co.*, 171 Ga. App. 257, 258-259 (1) (319 SE2d 93) (1984).

2. Gay claims the trial court erred in failing to give his requested charge. The requested charge provided that, where the evidence is undisputed that a driver has fallen asleep at the wheel and a wreck results therefrom, the driver has the burden of showing he was not negligent in damaging the vehicle.

When the trial court called for objections to the charge as given, Gay stated: "[W]e will respectfully except to the Court's failure to give Plaintiff's charge number one, based on the case of *Budget Rent-a-Car versus Webb*." The trial court responded: "All right. Is that it?" Gay replied affirmatively and made no further argument.

To be reviewable on appeal, an objection must clearly direct the attention of the trial court to the claimed error and must be stated with sufficient particularity to leave no doubt as to the specific ground upon which the charge is challenged; the ground of error urged must fully apprise the court of the error and the correction needed. *Alpha Beta &c., Inc. v. White Co.*, 235 Ga. App. 273, 276 (2)

(509 SE2d 351) (1998). OCGA § 5-5-24 (a) places a duty on counsel to exercise a high degree of clarity in objecting to charges. *Anderson v. State*, 231 Ga. App. 807, 811 (3) (a) (499 SE2d 717) (1998).

Here, Gay stated a case name, but did not discuss the case or explain how it applied to the evidence in this case. Because Gay did not state distinctly the matter to which he objected and the grounds for the objection, he did not preserve the alleged error for review. See generally *Hicks v. Doe*, 206 Ga. App. 596, 598 (3) (426 SE2d 174) (1992).

We note, however, that even assuming Gay properly objected, there was no error. If any portion of a requested charge is not authorized by the evidence, denial of the charge request is proper. See *Campbell v. Cozad*, 207 Ga. App. 175 (1) (427 SE2d 515) (1993). It was not undisputed that Gay's collision resulted from Hatfield's falling asleep at the wheel. Indeed, the evidence showed that Gay's collision with the median wall occurred ten to twenty minutes after Hatfield fell asleep and caused the collision between his truck and the tractor-trailer. The trial court did not err in refusing to give the requested charge. See generally *Pitts v. Bode*, 198 Ga. App. 787, 788 (3) (403 SE2d 66) (1991).

*Judgment affirmed. Andrews, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 29, 1999.

*Thomas F. Jones*, for appellant.
*Beck, Owen & Murray, William M. Dallas III, Stephanie W. Windham*, for appellee.