A99A0900. YOUNG v. THE STATE.
(519 SE2d 481)

BLACKBURN, Presiding Judge.

David Young, Jr., appeals his conviction, following a jury trial, for aggravated assault contending that: (1) the evidence was insufficient to support the verdict because the State failed to prove beyond a reasonable doubt that Young was not justified in shooting Hershel Carter in the back with a .22 caliber pistol; (2) the trial court's charge that an aggressor is not justified in using force was contrary to the evidence; and (3) the trial court erred by failing to instruct the jury that it must find beyond a reasonable doubt that Young's actions were unjustified with its instruction that it was authorized to convict Young if it found beyond a reasonable doubt that Young made an assault upon Carter. For the reasons set forth below, we affirm.

This court as a reviewing court must not necessarily

pass on the weight of the evidence, but on the sufficiency of the evidence to support the verdict. On appeal of a conviction based on a jury verdict we should examine the evidence in a light most favorable to support that verdict. We resolve all conflicts in favor of the verdict. It is the duty of this Court to sustain the verdict if we should find when viewing the evidence in a light most favorable to the verdict that a rational trier of fact could find the defendant guilty beyond a reasonable doubt.

(Citations and punctuation omitted.) *Reid v. State*, 232 Ga. App. 313, 315 (2) (501 SE2d 842) (1998); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The evidence, viewed in favor of the verdict, revealed that Young confronted Hershel Carter because Young thought Carter owed him some money. A verbal argument ensued between Young, Carter, and one of Carter's friends. The verbal argument turned physical when Young and Carter exchanged shoves. Carter began to run away, and Young shot him in the back.

1. Young contends that the State failed to prove that Young was not justified in shooting Carter in the back. "When a defendant presents evidence that he was justified in using deadly force, the burden is on the State to disprove the defense beyond a reasonable doubt." *Andrews v. State*, 267 Ga. 473, 474 (1) (480 SE2d 29) (1997).

"[A] person is justified in using force which is intended or likely to cause . . . great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself." OCGA § 16-3-21 (a). "Whether or not the circumstances of the case are such that they would excite the fears of a reasonable man to the point that he felt it necessary to use deadly force is a question for the jury." *Young v. State*, 229 Ga. App. 497, 499 (494 SE2d 226) (1997).

The evidence amply supports the jury's determination that the shooting was not justified. Although Young claimed that he believed that Carter was reaching for a gun, Carter and two eyewitnesses testified that Carter did not reach for a gun, and, in fact, was not armed. Moreover, the testimony showed that Carter was running away from Young at the time Young gunned Carter down. Therefore, both the testimonial evidence of the eyewitnesses and the physical evidence of the bullet hole in Carter's back provide a sufficient basis for a rational trier of fact to find beyond a reasonable doubt that Young was not justified in shooting Carter. See *Jackson v. Virginia*, supra.

2. In two enumerations of error, Young contends the trial court erred in charging the jury that: (1) "a person is not justified in using force . . . if that person is the aggressor," and (2) the jury was autho-

rized to convict him if it found beyond a reasonable doubt that he "made an assault upon Hershel Carter with a .22 caliber handgun by shooting him." Young claims respectively that: (1) the aggressor charge was not adjusted to the evidence and, therefore, harmful as a matter of law; and (2) without reminding the jury that it must find Young's actions were unjustified beyond a reasonable doubt, the assault charge was improper.

The record shows that Young's counsel neither objected nor reserved objections to the charge of the court when expressly asked by the trial judge.

> The general rule in this state is that defendants in criminal cases are not required to except to the jury charge to preserve error for appeal. If, however, the trial court asks if there are objections to the charge, defense counsel must either state his objections or reserve the right to object on motion for new trial or on appeal. Where objections are requested, the failure to either object or to reserve the right to later object amounts to a procedural default barring appellate review of the charge.

(Citations omitted.) *Rivers v. State*, 250 Ga. 303, 309 (7) (298 SE2d 1) (1982).

Nevertheless, Young argues that, although his trial counsel failed to preserve the alleged erroneous charges either by express objection or by reservation, the error was preserved as a matter of law. "[T]he appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not." OCGA § 5-5-24 (c).

Carter and the two eyewitnesses testified that Young shoved Carter causing him to fall against a car. This testimony established a clear factual issue allowing the jury to find that Young was in fact the aggressor when the argument turned from verbal to physical. Furthermore, in reviewing the entire charge in context, we find that the jury was adequately instructed on justification thereby affording it ample opportunity to properly consider the defense. *Boyd v. United States*, 271 U. S. 104, 107 (46 SC 442, 70 LE 857) (1926). Since the charges were not erroneous, they could not have been harmful as a matter of law as contended.

As we find no error in the trial court's charge, Young's final two enumerations of error are without merit.

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 14, 1999.

Dwight J. Stewart, for appellant.

J. Thomas Durden, Jr., District Attorney, Joe G. Skeens, Assistant District Attorney, for appellee.