A00A1021. TICE v. COLE et al.
(537 SE2d 713)

BLACKBURN, Presiding Judge.

Following a jury trial, Randall Tice appeals the judgment in favor of defendants, Jim Cole, D.D.S., and Marietta Dental Associates, P.C., on his dental malpractice action, contending that the trial court erred by: (1) allowing defense counsel to cross-examine his expert witness about complaints filed against him; (2) admitting certain documents into evidence; and (3) charging the jury on foreseeability. In addition, Tice contends the trial court erred in granting partial summary judgment to defendants because certain negligence claims were time-barred. For the reasons set forth below, we affirm.

On appeal, the evidence is construed most strongly to support the verdict and judgment. *Yeary v. Bell.*[1] So construed, the evidence shows that Tice first visited Dr. Cole, a general dentist at Marietta

---

Dental Associates, for treatment in October 1983. At that time, Tice had severe, advanced periodontal disease in all four quadrants of his mouth, as well as bone loss and deterioration caused by the progression of the disease. As a result of Tice's poor dental hygiene, his teeth had become so diseased that they were too sensitive to clean thoroughly.

Tice was immediately referred to Dr. McFarland, a periodontist, for periodontal surgery. McFarland treated Tice for two years. Cole, however, saw Tice again in 1985, at which time the periodontal disease was less generalized, but still present. McFarland then performed additional gum surgery, and Cole recommended that Tice be checked every three months. Ignoring Cole's recommendation, Tice continued to neglect his teeth, sometimes waiting nine months before returning to the dental office. Due to Tice's infrequent visits, his treatment by both McFarland and Cole continued sporadically over a period of ten years. Tice was reminded that the disease would progress if he failed to care for his teeth at home, and, in fact, the disease did progress as predicted. Between 1983 and 1993, five teeth were extracted due to periodontal disease. These teeth were extracted without complications and without prescribing prophylactic antibiotic treatment.

On July 27, 1993, Tice called Marietta Dental Associates complaining that two of his remaining teeth were loose. In 1987, Tice had required a bridge on these same teeth due to bone loss caused by periodontal disease. Subsequently, because of severe bone loss, Cole extracted the teeth on July 29, 1993. Cole did not prescribe prophylactic antibiotics for Tice prior to the extraction because he was not a high risk patient. The testimony at trial showed that a high risk patient is a patient with diabetes, immune problems or heart valve problems or diffusing infection. Tice required only a local anesthesia for the extraction because his teeth were so loose and diseased that they could be lifted out easily. Following the extraction, Tice did not return to Marietta Dental Associates for further treatment. In August 1993, Tice was diagnosed with a brain abscess.

On July 25, 1995, Tice filed a complaint asserting dental malpractice against Cole and Marietta Dental Associates. Specifically, Tice alleged that Cole was negligent in treating him prior to the July 1993 extraction and in failing to prescribe prophylactic antibiotics at the time of the July 1993 extractions. Tice further alleged that, as a result of this negligence, he suffered a systemic infection which ultimately caused a brain abscess.

Cole and Marietta Dental Associates filed a motion for partial summary judgment, contending that any claims of alleged negligence occurring prior to July 1993 were barred by the statute of limitation, and the trial court granted the motion. The case went to trial, and,

after a week of testimony, the jury returned a general verdict in favor of the defendants.

1. Tice contends that the trial court erred by allowing counsel for Cole to cross-examine Dr. Robert Fish, his expert witness, concerning disciplinary matters filed against him. He also raises as error the admission into evidence of documents from the administrative complaints filed against Fish.

At trial, Tice presented the videotape testimony of Fish, a general dentist, who testified that Cole had breached the standard of care in his treatment of Tice. Establishing his credentials on direct examination, Fish testified that he taught courses needed for relicensure on behalf of the Florida Dental Board and that he had been qualified as an expert by the Florida Department of Administrative Hearings.

On cross-examination, Fish was asked about three administrative complaints alleging that he breached a standard of care in his treatment of the complaining patient. In the first instance, Fish admitted at the time that he breached the standard of care and was reprimanded by the dental board. In the second instance, Fish stipulated at the time to a breach of standard of care and agreed to pay a fine to the patient; however, he explained at the subject trial that the stipulation had been later withdrawn. In the third instance, Fish acknowledged that the Florida Dental Board recommended a finding that he failed to exercise the appropriate standard of care in his treatment of a patient. In each instance, Fish acknowledged the administrative complaint and testified about the substance of the documents as he explained the circumstances of each complaint.

(a) Tice filed a motion in limine to exclude the cross-examination of Fish regarding the administrative complaints and the admission of the documents, contending that such were not relevant to the case. As Tice's objection at trial was based solely on lack of relevancy, it failed to preserve any question for review.

> Objections based on the irrelevancy of evidence are insufficient to show reversible error. Further, questions of relevancy are within the domain of the trial court. The trial court did not abuse its discretion in allowing the testimony, and there was no reversible error.

(Citations and punctuation omitted.) *Shaw v. Ruiz;*[2] *Telligman v. Monumental Properties.*[3]

(b) Tice further contends that the trial court erred by admitting

---

[2] *Shaw v. Ruiz*, 207 Ga. App. 299, 301 (5) (428 SE2d 98) (1993).
[3] *Telligman v. Monumental Properties*, 172 Ga. App. 783, 784 (3) (323 SE2d 888) (1984).

the documents into evidence because the documents were not properly authenticated. However, even if counsel for Cole failed to lay an adequate foundation for the documents, any such error was harmless. Substantially the same evidence was already before the jury through Fish's own testimony, so hearsay as to this matter would be merely cumulative and harmless. *Harris v. Tatum*.[4]

2. Tice contends the trial court erred by charging the jury:

> In a dental malpractice action a defendant or defendants cannot be found negligent on the basis of an assessment of a patient's condition which only later in hindsight proved to be incorrect so long as the initial assessment was made in accordance with reasonable standards of medical care. In other words the concept of negligence does not include hindsight. Negligence consists of not foreseeing and guarding against that which is probable and likely to happen, not against that which is only remotely and slightly possible.

This charge has previously been approved by this Court. *Haynes v. Hoffman*.[5] Because Tice argues for the first time on appeal that the charge is misleading, confusing and not adjusted to the evidence, he has waived the objection.

> To be reviewable on appeal, an objection must clearly direct the attention of the trial court to the claimed error and must be stated with sufficient particularity to leave no doubt as to the specific ground upon which the charge is challenged; the ground of error urged must fully apprise the court of the error and the correction needed. . . . OCGA § 5-5-25 (a) places a duty on counsel to exercise a high degree of clarity in objecting to charges.

*Gay v. Hatfield*.[6] Since Tice did not state distinctly the grounds for his objection at trial, the alleged error was not preserved for review. *Id.*

3. Tice raises as error the trial court's grant of partial summary judgment for claims of alleged negligence prior to July 1993 on the grounds that such claims were time-barred. Yet, Tice's complaint states that it was being filed within ten days of the applicable statute of limitation. Thus, Tice admitted that claims prior to July 1993 were time-barred. In its order, the trial court also found that any claims

---

[4] *Harris v. Tatum*, 216 Ga. App. 607, 610-611 (2) (455 SE2d 124) (1995).
[5] *Haynes v. Hoffman*, 164 Ga. App. 236, 238 (3) (296 SE2d 216) (1982).
[6] *Gay v. Hatfield*, 237 Ga. App. 826, 827-828 (2) (516 SE2d 856) (1999).

prior to July 1993 were time-barred. The trial court did not err in granting the motion for partial summary judgment.

Moreover, we note that the crux of Tice's complaint was that the improper extraction of his teeth, particularly failing to prescribe prophylactic antibiotics, led to a brain abscess. The grant of partial summary judgment did not preclude him from pursuing this claim. Tice was not barred from presenting evidence pertaining to alleged negligence in the performance of the extraction and the failure to prescribe prophylactic antibiotics. At trial, the jury heard evidence of Tice's complete dental history and the treatment by Cole from 1983 to 1993, as well as evidence concerning the circumstances of the extraction. After considering this evidence, the jury returned a verdict in favor of Cole.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED JULY 21, 2000 —
RECONSIDERATION DENIED SEPTEMBER 27, 2000 — 

*Thomas E. Maddox, Jr.*, for appellant.
*Goodman, McGuffey, Aust & Lindsey, Judy F. Aust, Danielle F. Forte*, for appellees.