## A01A0146. THRASH et al. v. RAHN.
### (547 SE2d 694)

BLACKBURN, Chief Judge.

In this action for personal injury damages arising out of a car collision, Quetella and Jada Thrash appeal the jury's general verdict in favor of Steven Rahn, contending that the trial court erred by: (1) improperly instructing the jury regarding contributory negligence; (2) improperly instructing the jury regarding comparative negligence; (3) improperly instructing the jury regarding avoidance of the consequences; and (4) denying their motion for new trial. Generally, the Thrashes argue that the evidence neither supports the questioned instructions nor the general verdict for Rahn. For the reasons set forth below, we affirm.

The record shows that, on the evening of November 6, 1998, Rahn was traveling south on Buford Highway and entered the intersection of Buford Highway and the ramp leading to Interstate 285. Rahn entered the left turn lane, turned his car left, and began to cross the northbound lanes of Buford Highway in order to reach the I-285 ramp. At the point that Rahn began his turn, the left turn arrow was gone, but the light remained green. Rahn testified that, during his turn, he decelerated his car to approximately ten mph because he was wary of northbound cars failing to yield before turning onto the same ramp he was about to enter.

While Rahn was turning, Quetella was driving her car north on Buford Highway at approximately 35 mph. Jada was a passenger in the car. As Quetella approached the intersection, the light was green, and Quetella did not slow down. Shortly after entering the intersection, Jada screamed when she noticed Rahn's car approaching. Quetella then turned to her left and saw Rahn's car. Moments later, the front driver's side of Quetella's car impacted with the passenger's side of Rahn's car in the area of its left front tire. Rahn testified that he simply did not see Quetella's car prior to the collision.

1. The plaintiffs contend that the trial court erred by instructing the jury regarding contributory negligence because there was no evidence that Quetella was negligent. We cannot agree.

"A trial court has a duty to charge the jury on the law applicable to issues which are supported by the evidence." *Walker v. Bruno's,*

*Inc.*[1] If there is even slight evidence on a specific issue, however, it is not error for the court to charge the jury on the law related to that issue. *Sanders v. Moore.*[2] Furthermore, the evidence supporting the charge does not have to be direct evidence. "[I]t is enough if there is something from which a jury could infer a conclusion regarding the subject." Id.

The evidence in this case shows that Rahn was traveling at a very slow rate of speed, that Jada, from the passenger's side of the car, saw Rahn approaching although Quetella did not, and that Jada screamed out to Quetella before the collision. Based on this evidence, the jury could logically infer that, if Jada could have seen Rahn, Quetella should have as well. The jury could also infer that Quetella, had she been more vigilant, might have been able to avoid the collision. As such, there was some evidence based on which the jury could infer that Quetella was negligent in this case, and the trial court did not err in charging the jury regarding contributory negligence. *Sanders*, supra at 731-732.

2. The Thrashes further contend that the trial court erred by charging the jury with regard to comparative negligence, again arguing that there was no evidence of Quetella's negligence. For the reasons discussed in Division 1, the trial court did not err in charging the jury regarding comparative negligence. *Sanders*, supra. Moreover, during the charge conference, the Thrashes' counsel specifically stated that he had no objection to a charge on comparative negligence. The objection was raised for the first time after the charge had been given. "[A] party will not be heard to complain of error induced by his own conduct, nor to complain of errors expressly invited by him during the trial of the case." (Punctuation omitted.) *Clark v. Stafford.*[3]

3. The Thrashes also contend that the trial court erred by charging the jury on the doctrine of avoidance of consequences, arguing that there was no evidence supporting even an inference that Quetella could have avoided the collision. To the contrary, the evidence showed that Jada alerted Quetella to Rahn's oncoming car prior to the collision and that Rahn was traveling at a slow rate of speed. This provides at least slight evidence that Quetella might have been able to avoid the collision, and, accordingly, the trial court did not err in instructing the jury regarding avoidance of the consequences. *Clark*, supra.

4. The Thrashes contend that, with regard to its instructions about comparative negligence, contributory negligence, and avoid-

---

[1] *Walker v. Bruno's, Inc.*, 228 Ga. App. 589, 591 (3) (492 SE2d 336) (1997).
[2] *Sanders v. Moore*, 240 Ga. App. 730, 731 (2) (524 SE2d 780) (1999).
[3] *Clark v. Stafford*, 239 Ga. App. 69, 72 (2) (522 SE2d 6) (1999).

ance of consequences, the trial court erred by not instructing the jury whether the instructions should apply to either Quetella, Jada, or both.

At trial, however, the Thrashes never objected to the trial court's charge on this basis. Rather, they contended merely that there was no evidence of Quetella's negligence to support the charges.

> To be reviewable on appeal, an objection must clearly direct the attention of the trial court to the claimed error and must be stated with sufficient particularity to leave no doubt as to the specific ground upon which the charge is challenged; the ground of error urged must fully apprise the court of the error and the correction needed. . . . OCGA § 5-5-24 (a) places a duty on counsel to exercise a high degree of clarity in objecting to charges.

*Gay v. Hatfield.*[4]

Moreover, after the charge was given to the jury in this case, the trial court specifically inquired as to objections, and the plaintiffs' counsel simply adopted the objections made in the charge conference, without reference to any need to instruct the jury regarding the duties of a guest passenger. Plaintiffs' counsel did not reserve the right to make additional objections in a motion for new trial or on appeal. Under these circumstances, this failure amounts to a procedural default precluding appellate review of the charge. See *Palmer v. State*;[5] *Young v. State.*[6] "The decision to raise at trial specific objections to the jury charge and the failure thereafter to reserve the right to raise additional objections on motion for new trial or on appeal preclude[ ] this Court's consideration of any alleged errors in the charge not raised in the court below. *Russell v. State.*"[7] *Maxwell v. State.*[8]

5. Finally, the plaintiffs argue that the trial court erred by denying their motion for a new trial, contending that there was no evidence that Quetella could have caused the collision. As we have found to the contrary above, this enumeration lacks merit.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

---

[4] *Gay v. Hatfield*, 237 Ga. App. 826, 827-828 (2) (516 SE2d 856) (1999).
[5] *Palmer v. State*, 271 Ga. 234 (517 SE2d 502) (1999).
[6] *Young v. State*, 238 Ga. App. 555 (519 SE2d 481) (1999).
[7] *Russell v. State*, 264 Ga. 121, 122 (3) (441 SE2d 750) (1994).
[8] *Maxwell v. State*, 233 Ga. App. 419, 423 (3) (b) (503 SE2d 668) (1998).

DECIDED APRIL 5, 2001 —
RECONSIDERATION DENIED APRIL 25, 2001

Michael B. King, for appellants.
Shur, McDuffie, Brockman & Wilson, Darrell W. Hinson, Terence D. Williams, for appellee.