A01A1227. TAYLOR v. THE STATE.
(548 SE2d 662)

ELDRIDGE, Judge.

Following a Cobb County bench trial, the superior court convicted defendant Royce Glen Taylor of possession of a firearm by a convicted felon. The defendant and his wife, co-defendant Elizabeth Rakestraw Taylor, were acquitted of theft by receiving stolen property (firearm). The defendant was sentenced to five years confinement to be served on probation. He now appeals, in two enumerations of error contending that the superior court: (1) erred in denying his motion to suppress at a pretrial suppression hearing, later renewed as an objection to the admissibility of evidence at trial, relying upon the "plain view" exception to the warrant requirement, in that the weapons in issue were seized without probable cause to arrest or search; and (2) erred in admitting a certified copy of an Alabama court document denominated, "Case Action Summary," as proof of his status as a convicted felon. Finding no error in the admission of the complained-of evidence, we affirm.

1. Upon reviewing a trial court's decision on a motion to suppress "the evidence is construed most favorably to uphold the court's findings and judgment. *Tate v. State,* 264 Ga. 53, 54 (1) (440 SE2d 646) (1994). If there is any evidence to support the trial court's findings on disputed facts and credibility, they will not be disturbed unless clearly erroneous. Id." *Downey v. State,* 241 Ga. App. 821, 823 (527 SE2d 909) (2000). However, where, as here, "the evidence is [undisputed] and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." *Vansant v. State,* 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

The undisputed evidence shows that on November 17, 1996, Lieutenant David Roskind of the Acworth Police Department was on routine foot patrol of the Highway 41 Flea Market located in Cobb

County wearing his full uniform. Lieutenant Roskind first saw the defendant and his wife standing behind display tables in the booth they had rented. Two men were standing immediately opposite the defendant at his table. One of the men was handling a handgun who, on seeing Lieutenant Roskind, returned the weapon to the defendant. The defendant, in turn, immediately placed the weapon on a smaller table to his rear. Lieutenant Roskind saw several other handguns lying on that table. When Lieutenant Roskind got to the defendant's display table, the defendant covered the weapons with a towel. Noting that no license to sell firearms was publicly displayed, Lieutenant Roskind questioned the defendant and his wife. The defendant denied owning the weapons, asserting that his wife did. Defendant's wife interjected her agreement, further admitting that the weapons were for sale and that she had no business license to sell them. Suspecting the defendant and his wife of misdemeanor failure to obtain a Department of Public Safety license to sell firearms, see OCGA §§ 43-16-2;[1] 43-16-7;[2] 43-16-12,[3] Lieutenant Roskind seized a total of seventeen handguns and a combination of nine rifles and shotguns. Defendant and his wife were arrested at the flea market on July 26, 1997, for the offense of theft by receiving stolen property (firearm), the charge of which the superior court later acquitted them.

It is well settled that objects within the plain view of an officer legally in position to have such a view may be seized and introduced in evidence. *Peek v. State*, 239 Ga. 422, 426 (2) (238 SE2d 12) (1977); *Galbreath v. State*, 213 Ga. App. 80, 82 (2) (443 SE2d 664) (1994).

> In order to satisfy the plain view exception, the State must fulfill the following criteria: (1) that there must be a valid intrusion onto a person's property before the evidence is observed and seized; (2) discovery of the evidence must be the result of its being in plain view and not the result of an investigatory search; and (3) it must be immediately appar-

---

[1] OCGA § 43-16-2 provides:
[a]ny person, firm, retail dealer, wholesale dealer, pawnbroker, or corporation who shall sell, dispose of, or offer for sale . . . any pistol, revolver, or short-barreled firearm of less than 15 inches in length, whether the same shall be his own property or whether he shall sell the same as an agent or employee of another, shall obtain from the department a license permitting the sale of such pistols, revolvers and firearms. Nothing in this chapter shall . . . prohibit the casual sales of the articles referred to in this Code section between individuals or bona fide gun collectors.

[2] "Every recipient of a license to sell any firearms listed in Code Section 43-16-2 shall keep such license conspicuously displayed on his business premises." OCGA § 43-16-7.

[3] "Any person, firm, or corporation who violates this chapter shall be guilty of a misdemeanor." OCGA § 43-16-12.

ent that the item seized is evidence or contraband. (Citations and punctuation omitted.) Id. at 83.

*Sirmans v. State*, 244 Ga. App. 252, 254 (2) (b) (534 SE2d 862) (2000). Defendant's arguments to the contrary notwithstanding, we conclude that the plain view exception here applied as the superior court found in refusing to suppress the evidence and admitting it at trial over objection. There is no dispute that Lieutenant Roskind was validly on the premises. Neither is it disputed that weapons were discovered in plain view rather than following an investigatory search. That Lieutenant Roskind observed the defendant showing a handgun to a member of the general public while in business at a flea market; that he did so also seeing other handguns on a table behind the defendant; that in the totality of the circumstances the weapons were offered for sale as a business rather than on a casual sale basis, see 1963-1965 Op. Atty. Gen. 74 (casual sale of firearms between individuals not regularly selling firearms as means of livelihood exempt from OCGA § 43-16-2 Department of Public Safety licensure requirement to sell weapons); and that he saw no business license displayed on the premises made it immediately apparent that probable cause showing the commission of a misdemeanor existed, i.e., selling weapons without a license. Inasmuch as the weapons in issue thus constituted evidence of that crime, they were subject to seizure and admissible in evidence under the plain view exception to the warrant requirement. *Peek v. State*, supra; *Galbreath v. State*, supra. The seizure of evidence in plain view is "no search at all, but the collection of evidence. [*State v. Nichols*, 160 Ga. App. 386 (287 SE2d 53) (1981).]" *Sirmans v. State*, supra. It follows that defendant's claim that the instant seizures were unlawful as not supported by probable cause to search is without merit.

Defendant's claim that the weapons seized were inadmissible for lack of probable cause to arrest is likewise without merit. Probable cause of the commission of a crime having been evident in the circumstances of this case, it was immediately apparent that the weapons in issue were subject to seizure as evidence of a crime, here establishing the applicability of the plain view exception. Consequently, the seizure of the weapons and their admission in evidence were proper as authorized upon the operation of the plain view exception alone. *Peek v. State*, supra; *Galbreath v. State*, supra. Accordingly, the superior court did not err in denying defendant's motion to suppress and properly admitted the weapons in issue at trial upon the finding that the plain view doctrine was applicable. *Vansant v. State*, supra; *Downey v. State*, supra.

2. Neither did the superior court err in admitting the certified copy of the Alabama court's case action summary as proof of defend-

ant's status as a convicted felon. While the defendant concedes the admissibility of such foreign document as duly certified under OCGA § 24-7-24 (b), he nonetheless argues that it was insufficient to prove a record of conviction in Georgia as it was not plainly titled a record of conviction. Declining to substitute form over substance, we disagree.

On its face, the case action summary document shows that the Alabama court adjudged defendant guilty of robbery after accepting his plea of guilty as providently entered and sentencing him to ten years confinement. Though not styled as a record of conviction, the substance of the case action summary reflects the entry of a final judgment of conviction upon the defendant's guilty plea. " 'Conviction' includes a final judgment of conviction entered upon a verdict or finding of guilty of a crime or upon a plea of guilty." OCGA § 16-1-3 (4); see also *Christenson v. State*, 261 Ga. 80, 91 (9) (402 SE2d 41) (1991); *Gilbert v. State*, 245 Ga. App. 544, 545 (538 SE2d 104) (2000). Under these circumstances, there was no error in admitting the Alabama court's case action summary as proof of a prior felony conviction. Even if we deemed the foregoing error (and we have not), such error would be harmless, the record reflecting that the complained-of document was cumulative to certified indictment and sentencing documents otherwise admitted without objection. *Tice v. Cole*, 246 Ga. App. 135, 138 (1) (537 SE2d 713) (2000); *Flowers v. State*, 181 Ga. App. 572 (2) (353 SE2d 69) (1987).

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED MAY 8, 2001.

*Donald R. Donovan,* for appellant.
*Patrick H. Head, District Attorney, Amy H. McChesney, Assistant District Attorney,* for appellee.