## A05A0123. BROOKS v. THE STATE.
### (615 SE2d 829)

BERNES, Judge.

An Early County jury convicted Kenneth Brooks of one count of burglary. Brooks appeals, contending: (1) the evidence was insufficient to support the verdict; (2) the trial court erred in denying his motion to suppress; (3) the trial court erred in admitting similar transaction evidence; and (4) trial counsel rendered ineffective assistance. For the reasons set forth below, we affirm.

1. Brooks argues the evidence was insufficient to support his burglary conviction. When a defendant challenges the sufficiency of the evidence, we review the evidence in the light most favorable to the

---

verdict, neither assessing the credibility of the witnesses nor weighing the evidence. *Green v. State*, 244 Ga. App. 565 (1) (536 SE2d 240) (2000).

So viewed, the evidence shows that on the early morning of October 23, 2001, Quality Home Rentals, Inc., a retail store in Blakely, Georgia, was burglarized. The perpetrator stole a large screen television, one DVD player, and two VCRs.

A surveillance camera in the store recorded the burglary. The videotape recovered from the camera revealed that Quality Home Rentals was burglarized by a lone perpetrator, namely, a black male who was wearing white gloves and a stocking cap or hood and was driving a small, dark pickup truck with a shiny chrome toolbox attached to its bed. The toolbox appeared to have diamond designs on it. The perpetrator exited the truck and, using a board from the bed of the truck, smashed in the front glass window of the store. He then removed the DVD player and two VCRs from a shelf before fleeing from the scene.

Approximately two weeks later, two deputies who had viewed the videotape observed Brooks, a black male, driving a pickup truck that exactly matched the appearance of the truck in the surveillance tape. At the time of his arrest, the deputies also observed a 2 x 4 board "with what appeared to be glass embedded in it," and with "indentions where some object had made indentions in [it]" in the back of his pickup truck. The state crime lab compared glass embedded in the board to specimens of glass taken from the burglary scene and concluded that the "glass particles from the 2 x 4 either originated from [the Quality Home Rentals'] window or had to have been [from] another window with the same thickness and physical chemical properties as the glass of that window."

A sweater cap and white gloves also were found in Brooks' truck after his arrest. The cap and gloves appeared to match those worn by the perpetrator in the surveillance tape. The stolen television and VCR were later found approximately 500 to 600 yards from the home where Brooks' mother lived — the same home where Brooks himself once resided with his parents.

It is well settled under Georgia law that an accused's connection to a crime can be proven with circumstantial evidence. *Hill v. State*, 108 Ga. App. 855 (1) (134 SE2d 855) (1964). "To warrant a conviction on circumstantial evidence, the proved facts [must] not only be consistent with the hypothesis of guilt, but [must] exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6.

Questions as to the reasonableness of hypotheses are generally to be decided by the jury which heard the evidence and

where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, that finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law.

(Citation omitted.) *Botelho v. State*, 268 Ga. App. 129, 131 (1) (601 SE2d 494) (2004). We do not find the verdict insupportable as a matter of law and conclude that any rational trier of fact could have found beyond a reasonable doubt that Brooks broke into Quality Home Rentals and that when he did so, he acted without authority and with the intent to steal electronic equipment therein. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).[1]

2. Brooks contends that the trial court erred in denying his motion to suppress evidence seized from the search of his pickup truck. He argues his consent to the search was the product of an unlawful stop and detention. "Upon reviewing a trial court's decision on a motion to suppress[,] the evidence is construed most favorably to uphold the court's findings and judgment. If there is any evidence to support the trial court's findings on disputed facts and credibility, they will not be disturbed unless clearly erroneous." (Citations and punctuation omitted.) *Taylor v. State*, 249 Ga. App. 538 (1) (548 SE2d 662) (2001). We review de novo the trial court's application of the law to undisputed facts. *State v. Mallard*, 246 Ga. App. 357 (541 SE2d 46) (2000).

So viewed, the record reflects that Brooks was stopped after he ran a stop sign. After pulling Brooks over and having him produce his driver's license, a deputy requested that the radio dispatcher run a check on the license information. The check revealed an outstanding warrant for Brooks from Decatur County, Georgia. Brooks was then arrested and transported to the Early County jail. After arriving at the jail, Brooks consented to a search of his truck.

Contrary to Brooks' assertion, the stop and detention of Brooks were lawful. The officers' observance of the traffic violation provided the officers with probable cause to make the initial stop. *Tukes v. State*, 236 Ga. App. 77 (1) (511 SE2d 534) (1999); *Buffington v. State*, 229 Ga. App. 450, 451 (494 SE2d 272) (1997). The officers' "failure to issue traffic citations for [the] violation[ ] prompting the stop has no bearing on the stop's validity." (Footnote omitted.) *Stearnes v. State*, 261 Ga. App. 522, 524-525 (2) (583 SE2d 195) (2003). The outstanding

---

[1] "A person commits the offense of burglary when, without authority and with the intent to commit a . . . theft therein, he enters or remains within the dwelling house of another or any building. . . ." OCGA § 16-7-1 (a).

warrant provided the officers with probable cause to detain and arrest Brooks following the initial stop of his truck. *Singleton v. State*, 194 Ga. App. 423 (1) (390 SE2d 648) (1990). Brooks' subsequent consent to the search of his truck occurred in the context of his lawful detention and evidence gathered as a result of that search was therefore properly admitted.

3. Brooks argues that the trial court should not have admitted into evidence testimony and documents reflecting his prior 1991 conviction for burglary. He alleges that the factual circumstances of the 1991 burglary were insufficiently similar to the burglary of Quality Home Rentals.[2] However, Brooks waived his argument of lack of sufficient similarity because, at the pre-trial hearing and at trial, he never specifically objected "on the ground that the State's evidence was otherwise insufficient to show that his prior conviction had been for a crime sufficiently similar to the crime that he was charged with having committed in the instant case." *Hunter v. State*, 202 Ga. App. 195, 197 (3) (413 SE2d 526) (1991). In challenging the admissibility of prior criminal transactions, the accused must have raised the same specific objection at the time the evidence was offered in the trial court that he now attempts to raise on appeal in order to preserve that objection. *Cole v. State*, 211 Ga. App. 236, 238-239 (438 SE2d 694) (1993); *Parrott v. State*, 206 Ga. App. 829, 835 (5) (b) (427 SE2d 276) (1992); *Hunter*, 202 Ga. App. at 198 (3). Thus, defense counsel's failure to properly raise the lack of similarity objection precludes consideration of that issue here.

4. Brooks finally contends that trial counsel rendered ineffective assistance by allowing a videotaped confession to be played for the jury without objection; by preventing Brooks from testifying; by failing to object to admission of certain hearsay evidence; by failing to call Brooks' brother as a witness at trial; and by failing to object to admission of an Alabama "Case Action Summary" as proof of his commission of the 1991 Alabama burglary.

> [I]n order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's

---

[2] Brooks also contends that admission of the evidence of the 1991 conviction constituted prejudicial error because the Alabama "Case Action Summary" introduced by the State as proof of the prior crime was not the best evidence of his conviction. Since defense counsel did not object to the introduction of the record at trial, Brooks failed to preserve this objection. *Winter v. State*, 252 Ga. App. 790, 791 (1) (557 SE2d 436) (2001).

Brooks further appears to contend that the trial court erred in admitting evidence of the 1991 conviction because its impact was more prejudicial than probative. However, Brooks has provided this Court with no grounds on which to find that the trial court abused its discretion. See *McMahon v. State*, 258 Ga. App. 512, 516 (5) (574 SE2d 548) (2002). Therefore, his contention in this regard is unsupported and without merit.

performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different.

(Citations omitted.) *Robinson v. State*, 278 Ga. 31, 34 (3) (597 SE2d 386) (2004). Because this State does not recognize the cumulative error doctrine, we discuss separately each of Brooks' claims of ineffective assistance. *Howren v. State*, 271 Ga. App. 55, 58 (5) (608 SE2d 653) (2004).

(a) Brooks contends that his trial counsel rendered ineffective assistance by introducing a videotape that contained a coerced confession. However, at the motion for new trial hearing, both Brooks' trial counsel and the prosecutor testified that the videotape in question was stopped prior to the point in which the confession was made, and the jury never heard the confession. Although Brooks contradicted this testimony, the trial court disbelieved him, and this Court, which has no authority to consider matters of credibility, is bound by that determination. See, e.g., *Mobley v. State*, 264 Ga. 854, 856 (2) (452 SE2d 500) (1995).

(b) Brooks argues that his trial counsel was ineffective for not allowing Brooks to testify, even though Brooks had indicated that he wished to do so. Brooks' trial counsel testified that he discussed with Brooks his right to testify, but that Brooks indicated he did not wish to testify. The trial court credited trial counsel's testimony and disbelieved Brooks' testimony. Again, this Court is bound by the trial court's determination of credibility. *Mobley*, 264 Ga. at 856 (2).

(c) Brooks contends that his trial counsel rendered ineffective assistance by failing to object to certain hearsay testimony. Brooks argues that the testimony of James Walker that Brooks' mother lived near where the stolen merchandise was found was hearsay testimony to which his trial counsel should have objected. But Walker's testimony was based on personal knowledge — he worked in the area and had known Brooks for 25 years. "Failure to make a meritless objection is not error." (Footnote omitted.) *Pitts v. State*, 260 Ga. App. 553, 564 (8) (b) (580 SE2d 618) (2003). The alleged hearsay testimony of Investigator Caudill was cumulative of Walker's testimony and thus also could not provide the basis for an ineffective assistance claim. See *Smith v. State*, 275 Ga. 326, 327-328 (3) (565 SE2d 453) (2002).

(d) Brooks argues that his trial counsel rendered ineffective assistance by failing to subpoena Brooks' brother to testify at trial. Brooks failed to call his brother to testify at the new trial hearing, and so "it is impossible for [Brooks] to show there is a reasonable probability the results of the proceedings would have been different had

trial counsel called th[is] witness[ ]." (Punctuation and footnote omitted.) *Jividen v. State*, 256 Ga. App. 642, 645 (1) (a) (569 SE2d 589) (2002).

(e) Finally, Brooks contends that his trial counsel rendered ineffective representation by not objecting on best evidence grounds to the admission of the Alabama "Case Action Summary" to prove his 1991 burglary conviction. In *Taylor v. State*, 249 Ga. App. 538, 541 (2) (548 SE2d 662) (2001), we held that such a "Case Action Summary" can be introduced as sufficient proof of a prior felony conviction. Thus, Brooks' contention is without merit.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JUNE 16, 2005.

*Charles C. Stewart, Jr.*, for appellant.

*Charles M. Ferguson, District Attorney, David H. Moseley, Assistant District Attorney*, for appellee.