### A08A1626. HUSKINS v. THE STATE.
(669 SE2d 680)

MILLER, Judge.

Following a jury trial, William J. Huskins was convicted of a single count of child molestation, in violation of OCGA § 16-6-4. He now appeals from that conviction, alleging that the trial court erred in: (1) refusing to strike a juror for cause; (2) denying his motion to suppress his statements to police; and (3) instructing the jury as to how to determine whether Huskins had made a knowing and voluntary waiver of his *Miranda* rights prior to giving those statements. Discerning no error, we affirm.

Viewed in the light most favorable to the evidence, the record shows that Huskins' victim was his daughter. The daughter reported the molestation to a school counselor who, in turn, reported it to the Bartow County Sheriff's Department, where Investigator Nancy Norris was assigned to the case. During the course of her investigation, Norris conducted three separate interviews of Huskins. At the first of these interviews, on June 14, 2006, Norris explained to Huskins that he was not in custody and was free to leave at any time, and she also advised him of his *Miranda* rights. Norris interviewed Huskins the second time on June 23, 2006. Prior to that interview, Norris reminded Huskins of his *Miranda* rights and asked him if, bearing those rights in mind, he still wished to speak with her. On July 12, 2006, Huskins returned to the sheriff's office for a third time, after agreeing to take a polygraph examination. Before administering that exam, Special Agent Jerry Rowe of the Georgia Bureau of Investigation advised Huskins of his *Miranda* rights and presented him with a waiver of rights form. Rowe reviewed the form with Huskins and then had Huskins read it. Huskins initialed each paragraph of the waiver form and signed the same.

After Rowe completed the polygraph exam, Norris interviewed Huskins for a third time. Before questioning Huskins, Norris again reminded him of his *Miranda* rights and asked him if he still wished to speak with her. Huskins agreed to the interview and, during the course of the same, admitted to one incident of child molestation against his daughter.

Prior to trial, Huskins moved to suppress his statements to the police, asserting that he had not been properly advised of his *Miranda* rights and therefore did not knowingly and voluntarily waive the same. Following a *Jackson-Denno* hearing, the trial court

denied Huskins's motion and at trial the State introduced into evidence portions of Huskins's second and third statements to police. The trial court, however, instructed the jury that before it could consider those statements it had to find: (1) that Huskins spoke with police after being advised of his *Miranda* rights; (2) that Huskins understood those rights and knowingly waived them; and (3) that Huskins gave his statements freely and voluntarily.

The jury convicted Huskins of one count of child molestation and acquitted him of a second such charge. This appeal followed.

1. Huskins first asserts that the trial court erred in denying his motion to strike a juror for cause. We disagree.

Defense counsel sought to strike a juror after she stated that she was "related to law enforcement" and that it would be a "little bit harder" for her to remain impartial. In response to a direct question from the trial court, however, the juror stated that she could decide the case based on the evidence presented. Given this response, the trial court did not abuse its discretion in refusing to strike the juror. See *Garrett v. State*, 280 Ga. 30, 31 (2) (622 SE2d 323) (2005) (whether to strike a juror for cause rests within the sound discretion of the trial court). A potential juror's mere indecisiveness as to whether she could be fair and impartial is insufficient to support a strike for cause. Rather, a party seeking to strike a juror for cause must show that the potential juror has "an opinion . . . so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence." (Citation omitted.) *Moreland v. State*, 263 Ga. App. 585, 586 (1) (588 SE2d 785) (2003). Moreover, a juror who has expressed doubts about her ability to be impartial will be eligible to serve where she also "positively testifie[s] that, despite h[er] general doubts, [s]he could set h[er] feelings aside and make a decision based on the facts and law alone." Id. at 587 (1).

2. Huskins also claims that the trial court erred in refusing to suppress his second and third statements to police. Again, we disagree.

(a) Huskins argues that he was not given the required *Miranda* warnings prior to his second statement. As a threshold matter, we note that "[a] suspect must be in a custodial situation for *Miranda* to apply; a suspect is not entitled to *Miranda* warnings, as a matter of right, unless he has been taken into custody or has been deprived of freedom of action in another significant way." (Citation omitted.) *Ray v. State*, 273 Ga. App. 656, 658-659 (1) (615 SE2d 812) (2005). Here, there is no evidence demonstrating that the second interview was custodial in nature. Rather, Huskins came to the sheriff's office voluntarily, in response to a request for an interview, and was specifically advised that he was not charged with a crime, was not in

custody, and was free to go. Accordingly, we cannot say that Huskins was entitled to *Miranda* warnings prior to the second interview.

More importantly, the trial court's ruling on this issue shows that it credited the testimony of Investigator Norris, that Huskins was advised of his *Miranda* rights prior to the first interview and that she reminded him of those rights before conducting the second interview. We are obligated to accept these factual and credibility determinations unless they are clearly erroneous. *Wallace v. State*, 267 Ga. App. 801, 807 (6) (600 SE2d 808) (2004). Huskins has failed to demonstrate any such error, and we can discern none.

(b) Huskins also argues that his third statement to police was inadmissible because neither Agent Rowe nor Investigator Norris explained to him that, once he had signed the waiver of rights form, he could still invoke his right to remain silent — i.e., that he had the right to stop the interview. While Huskins testified at the *Jackson-Denno* hearing that he had not understood this right, the trial court explicitly rejected that testimony, citing the clear language of the waiver form. That form contained a paragraph, initialed by Huskins, stating that he understood that he could "decide at any time to exercise these rights, [set forth in the preceding paragraphs,] and not answer any questions or make any statement." In light of this language, we can discern no error in the trial court's finding that Huskins's third statement to police was made following a knowing and voluntary waiver of his *Miranda* rights.

3. Finally, Huskins asserts that the trial court erred in instructing the jury as to the law it should apply in determining if Huskins understood his *Miranda* rights before waiving them. Specifically, Huskins argues that the trial court failed to instruct the jury that Huskins needed to understand that he had a right to stop the interview even after he signed the waiver form. Following the charge to the jury, however, the trial court asked if there were any objections to the same, and defense counsel responded that he had none. This response constitutes a procedural default that bars Huskins from asserting a claim of error based on the charge.

> The general rule in this state is that defendants in criminal cases are not required to except to the jury charge to preserve error for appeal. If, however, the trial court asks if there are objections to the charge, defense counsel must either state his objections or reserve the right to object on motion for new trial or on appeal. Where objections are requested, the failure to either object or to reserve the right to later object amounts to a procedural default barring appellate review of the charge.

(Citation omitted.) *Young v. State*, 238 Ga. App. 555, 557 (2) (519 SE2d 481) (1999).

For the reasons set forth above, we affirm Huskins's conviction. *Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 18, 2008.

*Gerard P. Verzaal*, for appellant.
*T. Joseph Campbell, District Attorney, Rosemary G. Heidmann, Assistant District Attorney*, for appellee.