S02A1618. RAMIREZ v. THE STATE.
(577 SE2d 558)

FLETCHER, Chief Justice.

A jury convicted Eduardo Ramirez of malice murder, felony murder and aggravated assault for shooting his former girlfriend Debbie Allen to death.[1] On appeal, Ramirez contends that the trial court erred in failing to discharge the jury venire after two attorneys discussed plea negotiations in a different case in front of the venire in this case. Although we disapprove of any discussions regarding plea negotiations occurring before the venire, the record fails to show that the incident in this case constitutes reversible error. Because Ramirez's remaining enumerations of error also are without merit, we affirm.

Taken in the light most favorable to the jury's verdict of guilty,

---

[1] The crime was committed on September 11, 1996. On January 24, 1997, a grand jury indicted Ramirez for malice murder, felony murder, and aggravated assault. A jury convicted him of all counts on February 28, 2001; and the trial court sentenced him to life imprisonment. Ramirez moved for a new trial on March 23, 2001, and amended his motion on February 12, 2002. The trial court denied Ramirez's motion for a new trial on March 21, 2002. Ramirez filed his notice of appeal on April 17, 2002. The case was docketed in this Court on July 10, 2002 and submitted for decision on September 2, 2002.

the evidence at trial showed that, on September 11, 1996, Ramirez and Allen were in a car in the apartment complex where they lived. Ramirez shot Allen and then drove the car around the apartment complex before stopping the car and shooting Allen again. She died from two gunshots wounds in the head. Ramirez fled and turned himself in several days later. He had the ignition key to the car in which Allen was killed in his pocket.

At trial, Ramirez admitted shooting Allen, but claimed he did not intend to kill her. According to Ramirez, he had been smoking marijuana, drinking, and smoking crack before he and Allen got into the car. She became enraged while they were sitting in the car because he had thrown away her crack pipe, and she reached for a pistol that was sitting on the car seat. He heard a shot and, unsure of whether he had been shot, grabbed the pistol and began shooting.

1. The credibility of witnesses, including whether and to what extent they have been impeached, is generally for the jury to determine.[2] Here, the evidence at trial was sufficient for a reasonable trier of fact to have found Ramirez guilty beyond a reasonable doubt of the crimes for which he was convicted.[3]

2. During a recess shortly before final jury selection in Ramirez's trial, a prosecutor and defense attorney in a different case entered the courtroom and discussed plea negotiations in their case, while the members of the venire milled around talking and laughing among themselves. Ramirez contends that the trial court erred in refusing to discharge the jury panel after this incident. There is no evidence that any member of the venire overheard the plea discussions in the other case or that Ramirez otherwise suffered prejudice from what was said while the venire was in the courtroom. Although the better practice is not to have discussions regarding pleas in any case in front of the venire, we find no reversible error in this case.[4]

3. Ramirez claims that he was entitled to a mistrial after the State failed to present evidence to support its opening statement that Ramirez was jealous of Allen's sexual involvement with other men. Although a "prosecutor should confine [her] opening statement to an outline of what [she] expects admissible evidence to prove at trial, . . . a conviction will not be reversed if the prosecutor acted in good faith and if the trial court instructs the jury that the prosecutor's opening statement is not evidence and has no probative value."[5]

---

[2] *Baines v. State*, 276 Ga. 117 (575 SE2d 495) (2003).

[3] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] See generally *Whitt v. State*, 215 Ga. App. 704 (452 SE2d 125) (1994) (plea taken in front of venire was not reversible error when plea involved different case with different defendant).

[5] *Alexander v. State*, 270 Ga. 346, 349 (509 SE2d 56) (1998).

The State failed to offer testimony regarding Ramirez's jealousy because the witness with personal knowledge of Ramirez's jealousy failed to appear at trial, even though she had come to the courthouse at the State's request to meet with defense counsel only a few days before the trial. Without evaluating the good faith of the State's opening remarks or the effect of any curative instructions, our review of the record reveals that sufficient evidence of Ramirez's unhappiness with the victim's trading sex for drugs came out to show that Ramirez was jealous of the victim's involvement with other men.[6] Accordingly, the trial court's denial of the motion for mistrial was not reversible error.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 24, 2003.

*Cynthia A. Price*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.

---

[6] Compare *Bellamy v. State*, 272 Ga. 157, 160 (527 SE2d 867) (2000) (not reversible error when evidence at trial supported prosecutor's opening statements) with *Alexander v. State*, supra at 349 (reversible error when no evidence introduced to support prosecutor's assertion in opening statement that murder was gang-related).