**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**September 26, 2013**

# In the Court of Appeals of Georgia

A13A0895. THOMAS v. THE STATE.

MCFADDEN, Judge.

Jerry Thomas appeals his child molestation conviction, arguing that the evidence is insufficient to support the conviction. We disagree and affirm.

When a defendant challenges the sufficiency of the evidence supporting his criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (citation omitted; emphasis in original). It is the function of the jury, not the reviewing court, to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though

contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld." *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (citations and punctuation omitted).

Viewed in this light, the evidence showed that Thomas is married to the victim's grandmother. Thomas and the victim were never physically affectionate with each other. On the evening of April 28, 2010, when the victim was 11 years old, the victim's mother dropped off her children at the grandmother's house so the grandmother could watch them while the mother and father attended a counseling session at their church.

At one point, Thomas called the victim into a bedroom. He asked her for a hug. The victim put her arm around Thomas, gave him a hug and let go. Thomas hugged the victim tightly and did not let go. This was different from the one or two times he had hugged her before. He began kissing her. He first kissed her on the cheek and then moved toward her mouth, ultimately giving her a wet kiss on the lips. She felt his tongue. This upset the victim and made her uncomfortable. She pushed Thomas, ran from the room and started crying. Thomas followed her and told her not to tell her grandmother or mother because he would "get in a lot of trouble."

The victim went outside and called her mother. While crying hysterically, the victim told her mother that Thomas had kissed her. The parents drove to the grandmother's house. On the way, the mother called the police.

An officer who interviewed Thomas testified that Thomas admitted that he kissed the victim three times; that he may have kissed her on the corner of her lip but not on the mouth; that he told her that he "went too far"; and that he told her not to tell her grandmother or mother. A video recording of the interview was played for the jury. The officer also testified that he overheard Thomas praying, asking God to forgive him for his "lust problem" and for "taking advantage of that little girl." Three months before the trial, Thomas wrote the court a letter, which was entered into evidence, admitting that he had kissed the victim on the lips but, tracking the language of the child molestation statute, denying doing so with the intent to arouse or satisfy his or the child's sexual desires.

Under OCGA § 16-6-4 (a) (1), "[a] person commits the offense of child molestation when such person [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." (Punctuation omitted.) Thomas argues that his behavior did not constitute an indecent act.

3

Immoral or indecent acts constituting child molestation refer to acts which offend against the public's sense of propriety as well as to acts more suggestive of sexually oriented misconduct to a child's body than simply assaultive in nature. An act generally viewed as morally and sexually indelicate, improper and offensive can constitute child molestation.

*Bowman v. State*, 227 Ga. App. 598, 599 (1) (490 SE2d 163) (1997) (citations and punctuation omitted). Whether an act is immoral or indecent is a jury question. *Cornelius v. State*, 213 Ga. App. 766, 768 (1) (445 SE2d 800) (1994).

In *Palmer v. State*, 248 Ga. App. 515, 516-517 (2) (546 SE2d 886) (2001), we held that the trial court "appropriately instructed the jury that it could convict [the defendant] of child molestation if it found that he *either* inappropriately kissed *or* had sexual intercourse with the victim." (Emphasis supplied.) In *Cardenas v. State*, 282 Ga. App. 473, 474-475 (1) (638 SE2d 866) (2006), we ruled that "the evidence was sufficient to support the verdict of child molestation on [the victim] by [the defendant's] placing his mouth on hers with the intent to satisfy his sexual desire" because under the facts of the case, the jury was authorized to conclude that "the kiss was an 'immoral or indecent act.'"

Under this authority and given the evidence presented at trial, the jury "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. at 319 (III) (B).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*