NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: May 17, 2022

S21H0656, S22A1020.  THOMAS v. CALDWELL, WARDEN.

WARREN, Justice.

The application for a certificate of probable cause to appeal in this case presents the question of whether the habeas court properly dismissed Jerry Thomas's petition for habeas corpus on the ground that it was successive under  OCGA § 9-14-51.  For the reasons that follow, we conclude that the habeas court erred in dismissing Thomas's petition.

Thomas was convicted in 2010 of one count of child molestation, and the Court of Appeals affirmed his conviction.  See *Thomas v. State*, 324 Ga. App. 26 (748 SE2d 509) (2013).   In 2017, Thomas timely filed an initial petition for habeas corpus challenging the conviction.  The habeas court denied relief in May 2018.  On July 1, 2019, this Court dismissed Thomas's attempt to appeal from that

denial because both his notice of appeal and application for a certificate of probable cause to appeal were untimely. See OCGA § 9-14-52 (b) (stating that "an unsuccessful habeas petitioner [who] desires to appeal . . . must file a written application for a certificate of probable cause to appeal" with this Court "within 30 days from the entry of the order denying him relief" and must "file within the same period a notice of appeal with the clerk of the concerned superior court").

Meanwhile, on March 8, 2019, during the pendency of Thomas's application for a certificate of probable cause to appeal in this Court, he filed a motion to correct void sentence in the trial court. In May 2019, the trial court granted Thomas relief and entered a new sentence.

In August 2020, Thomas filed a second habeas petition challenging, among other things, the sentence imposed in the 2019 re-sentencing on several grounds. On December 22, 2020, the habeas court dismissed Thomas's second petition as successive, ruling that the claims raised in that petition "could reasonably have

2

been raised" in his initial petition in 2017. See OCGA § 9-14-51 (stating that any ground for relief not raised by a petitioner in his initial habeas petition is waived unless the "grounds for relief asserted therein . . . could not reasonably have been raised" in the initial petition).

Thomas now appeals the habeas court's dismissal, arguing that it was improper because his 2017 habeas petition was filed and litigated before his 2019 re-sentencing and before he raised issues related to that re-sentencing in his 2020 habeas petition. After receiving Thomas's timely application for a certificate of probable cause to appeal, this Court directed the Warden to file a response, and he did. In that response, the Warden acknowledged that "the factual basis for [Thomas's] current claims[] ar[ose] from the re-sentencing in May 2019" and thus "did not exist when Thomas litigated his first habeas case" in 2017 and 2018. The Warden thus concedes that Thomas could not have raised claims in 2017 and 2018 concerning a re-sentencing that did not happen until 2019, and that the habeas court therefore erred in dismissing Thomas's 2020

3

petition on the ground that it was successive under OCGA § 9-14-51. See *Watkins v. Ballinger*, 308 Ga. 387, 393 (840 SE2d 378) (2020) (holding that the habeas court erred in dismissing a second habeas petition as successive where there was no evidence in the record that the petitioner's claims regarding juror misconduct and concealment of evidence could reasonably have been discovered before and raised in his original habeas petition). Given the Warden's concession, there is no need for additional briefing or argument to resolve the issue Thomas raises.

Accordingly, we grant Thomas's application for a certificate of probable cause to appeal, reverse the habeas court's judgment, and remand the case to the habeas court for proceedings consistent with this opinion.

*Application for certificate of probable cause to appeal granted, judgment reversed, and case remanded with direction. All the Justices, except Boggs, P.J., disqualified.*