A06A1451. HUTCHENS v. THE STATE.
(636 SE2d 773)

BERNES, Judge.

A Cherokee County jury convicted William Clarence Hutchens of enticing a child for indecent purposes, child molestation, and rape. Hutchens appeals from the trial court's denial of his motion for new trial, contending that the evidence was insufficient to support his conviction of rape and that his trial counsel provided ineffective assistance. We find no error and affirm.

1. Hutchens contends that his rape conviction was not authorized by the evidence.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and an appellant no longer enjoys the presumption of innocence. This court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*[, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)] and does not weigh the evidence or determine witness credibility. Conflicts in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict.

(Footnotes omitted.) *Roberts v. State*, 242 Ga. App. 621 (530 SE2d 535) (2000).

So viewed, the evidence adduced at trial showed that during a Duluth Police Department investigation of an unrelated child molestation case, the victim disclosed that Hutchens, her 62-year-old great uncle, had molested and raped her when she was a 12-year-old child. The victim's disclosure resulted in the issuance of warrants and Hutchens' subsequent arrest and trial.

At the time of trial, the victim was 20 years old and married with children. During her testimony, she recounted that Hutchens, to whom she referred as "Uncle Bill," often babysat her and her siblings. On the day of the incident, Hutchens had taken the victim and her younger brother on a fishing trip. Later that evening, Hutchens instructed the victim's brother to stay at the river bank and led the victim into a wooded area under the pretense of collecting firewood. When they reached the wooded area, Hutchens told the victim to pull her shorts over, and he touched her vaginal area with his hand. Hutchens then instructed the victim to lay down onto the ground after which he laid on top of the victim, and wearing a condom, inserted his penis inside the victim's vagina. Hutchens got up when he heard the victim's younger brother approaching. At trial, the victim recalled that the penetration was painful and that as soon as she got home, she took a shower because she felt "nasty."

She explained that she had followed Hutchens' instructions during the incident because she was afraid of him. She stated that her fear stemmed from a prior molestation incident when she was between eight and ten years old during which Hutchens had grabbed her hand and made her touch his penis while they were in a bedroom at her grandmother's house. She told a school counselor about the incident, but at the time the rape occurred, was not aware of any action that had been taken as a result of the disclosure.

The victim further stated that she was scared to tell anyone about the subsequent molestation and rape incident at issue. Eventually, she told her aunts, grandmother and parents, but again, no action was taken against Hutchens until the victim disclosed the incident, eight years later, to the Duluth Police Department investigator, who arrested Hutchens.

Shortly after his arrest, and after being advised of and waiving his *Miranda* rights, Hutchens gave a videotaped statement in which he admitted having sex with the victim, but claimed that the sexual encounter was instigated by the victim and was consensual.

"A person commits the offense of rape when he has carnal knowledge of . . . [a] female forcibly and against her will." OCGA § 16-6-1 (a) (1). Hutchens contends that there was insufficient evidence that he had sex with the victim forcibly or against her will. He points out that the victim did not tell anyone of the incident until several years later, and did not testify that force or intimidation was used.

The state must prove that a defendant's acts were conducted "forcibly" and "against [the victim's] will" as two separate elements in rape cases. *State v. Collins*, 270 Ga. 42, 42-43 (508 SE2d 390) (1998); OCGA § 16-6-1 (a) (1). "The term 'against her will' means without consent." Id. at 43. "The fact that a victim is under the age of consent may supply the 'against her will' element in a forcible rape case since it shows that the victim is incapable of giving legal consent." Id. "[T]he term 'forcibly' means acts of physical force, threats of death or physical bodily harm, or mental coercion, such as intimidation." Id.

However, "in order to prove the rape of a child, only minimal evidence of force is required. . . . And lack of resistance, induced by fear, is force, and may be shown by the victim's state of mind from her prior experience with the defendant and subjective apprehension of danger from him." (Citations and punctuation omitted.) *Siharath v. State*, 246 Ga. App. 736, 739 (2) (541 SE2d 71) (2000). "[A] young child may also be rendered psychologically incapable of dissenting to intercourse as a result of her prior sexual abuse by [the defendant]," particularly when the victim's prior outcries were ignored such that the victim would deem further resistance to be futile. *House v. State*, 236 Ga. App. 405, 408-409 (1) (512 SE2d 287) (1999).

The victim in this case was a 12-year-old child at the time of the incident and, therefore, was unable to give legal consent. Her testimony that the intercourse was painful authorized the jury to infer Hutchens' sexual acts were perpetrated by use of physical force. See *Pollard v. State*, 260 Ga. App. 540, 543 (3) (580 SE2d 337) (2003). The jury was also authorized to find that the victim's lack of resistance was induced by fear. The victim explained at trial that she was afraid of Hutchens as a result of the prior molestation and that her fear

caused her to follow Hutchens' instructions and to refrain from reporting the incident immediately afterward. It was for the jury to determine whether the victim's lack of resistance sprang from apprehension or fear or otherwise from consent. See *Roberts*, 242 Ga. App. at 624 (1) (a). The jury's determination in this case that Hutchens had sex with the child victim forcibly and against her will was authorized by the evidence discussed above.

The victim's delay in reporting the rape went only to the credibility of the evidence at trial and not its sufficiency. *Roberts*, 242 Ga. App. at 624 (1) (a). Since the victim's outcry regarding the prior molestation incident was seemingly ignored, the jury was authorized to find that, from the victim's perspective, resistance and immediate outcry in this subsequent incident would have been futile. See *House*, 236 Ga. App. at 408-409 (1). Here, although eight years passed before Hutchens' sex crime came to light and was prosecuted, the jury's conviction was authorized.

2. Hutchens also contends that his trial counsel rendered ineffective assistance.

> To prevail on a claim of ineffective assistance of counsel, it must be shown both that counsel's performance was deficient and that but for this deficiency the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Failure to satisfy either prong of the *Strickland* standard is fatal to an ineffective assistance claim. In addition, a strong presumption exists that trial counsel performed within the wide range of reasonable professional assistance. The trial court's determination that [Hutchens] was afforded effective assistance of counsel will not be reversed on appeal unless it was clearly erroneous.

(Citations omitted.) *Turner v. State*, 245 Ga. App. 294, 295 (4) (536 SE2d 814) (2000). This state does not recognize the cumulative error doctrine, and therefore, we will review each of Hutchens' claims of ineffectiveness separately. *Brooks v. State*, 273 Ga. App. 691, 695 (4) (615 SE2d 829) (2005).

(a) Hutchens complains of his trial counsel's failure to file motions to exclude or interpose objections to the introduction of his videotaped statement and to evidence of the prior act of child molestation. "[W]hen trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been

suppressed had counsel made the motion." (Citations and punctuation omitted.) *Davis v. State*, 267 Ga. App. 245, 246 (2) (599 SE2d 237) (2004). Hutchens has made no such showing in this case.

The videotape of Hutchens' statement shows Hutchens being advised of and waiving his *Miranda* rights. At the motion for new trial hearing, trial counsel testified that he reviewed the videotape "many times hoping that [he] could find some reason that it was not admissible or to suggest that it was coerced or otherwise improper and [he] couldn't find a thing."[1]

On appeal, Hutchens does not challenge either the voluntary or knowing nature of his statement and has not cited to any authority or to any portion of the record which would mandate exclusion of his videotaped statement. "Failure to pursue a futile motion does not constitute ineffective assistance." (Citation and punctuation omitted.) *Davis*, 267 Ga. App. at 246 (2). See also *Mitchell v. State*, 250 Ga. App. 292, 296 (2) (a) (551 SE2d 404) (2001).

And the filing of a motion to exclude or an objection to evidence of Hutchens' prior molestation of the victim would also have been futile. Such evidence was admissible at trial and no compliance with Uniform Superior Court Rule 31.3 governing similar transactions was required. *Wall v. State*, 269 Ga. 506, 507-510 (2) (500 SE2d 904) (1998).

(b) Hutchens also contends that his counsel was ineffective for admitting in opening statement and closing argument that Hutchens performed sexual acts against the victim. He asserts that these admissions resulted in a complete lack of adversarial testing of the state's case. We disagree.

As previously noted, trial counsel testified at the motion for new trial hearing that prior to trial, he reviewed Hutchens' videotaped statement in which Hutchens admitted having sexual relations with his 12-year-old great niece. Hutchens also freely admitted to the incident in his pretrial discussions with counsel. Trial counsel noted that although there was no legal issue as to consent because the victim was 12 years old, there was no evidence of *overt* acts of physical force, threats, or intimidation.

Trial counsel thus reasoned that while the evidence as to the molestation and enticing a child charges was overwhelming, a valid argument could be made that there was insufficient proof of force to sustain the rape charge. Trial counsel testified that he and Hutchens discussed and agreed upon a trial strategy of admitting and taking

---

[1] Trial counsel did make an oral motion in limine to exclude references to alleged acts of molestation by Hutchens against other female relatives. The state agreed to redact the videotape and the corresponding transcript of the statement and to limit witness testimony so that no mention of these other acts occurred during trial.

responsibility for the molestation and enticing a child charges in hopes that the jury would find his denial as to the rape charge more credible.[2] In essence, they tried to convince the jury that since Hutchens readily and honestly admitted guilt as to the other charges, he must not be guilty as to the denied rape charge.

"Counsel's decision as to which theory of defense to pursue is a matter of strategy and tactics." (Punctuation and footnote omitted.) *Kemp v. State*, 257 Ga. App. 340, 341 (2) (571 SE2d 412) (2002). "As a general rule, matters of reasonable trial strategy and tactics do not amount to ineffective assistance of counsel. We agree with the trial court's implicit determination that trial counsel's choice of trial strategy was not unreasonable." (Citations omitted.) *Moore v. State*, 278 Ga. 397, 400-401(2) (c) (603 SE2d 228) (2004). See *Kendrick v. State*, 279 Ga. App. 263, 266-267 (2) (a) (630 SE2d 863) (2006); *Lawson v. State*, 275 Ga. App. 334, 339-340 (4) (a) (620 SE2d 600) (2005).

(c) Next, Hutchens contends that his trial counsel did not know or research the elements of rape since he erroneously argued that there had to be actual physical force without considering that force could be by intimidation. Again, we disagree.

At trial, counsel argued that there was no evidence of force because Hutchens did not beat or threaten the victim and no weapons were involved. He explained that he was hoping to convince the jury that intimidation needed to be objective, requiring threats, physical restraint or violence. While it is true that trial counsel's argument as to the element of intimidation may have been legally inaccurate, the trial court's charge did not contradict the argument advanced by trial counsel.[3] Consequently, Hutchens has not demonstrated that he was prejudiced by his trial counsel's argument or alleged deficiency on the law relating to rape. See *Walker v. State*, 210 Ga. App. 33, 35 (b) (435 SE2d 259) (1993) (reversal not required despite fact that trial counsel was mistaken about law, when defendant had "not demonstrated that but for counsel's unprofessional errors, the result of the proceeding would have been different") (citation and punctuation omitted).

---

[2] Hutchens has not appealed the sufficiency of the evidence as to the first two charges, and asserts the same arguments initially raised by trial counsel as to the sufficiency of the evidence on the rape charge. See *Fortson v. State*, 240 Ga. 5, 6 (1) (239 SE2d 335) (1977) ("In determining the effectiveness of counsel's advocacy, we can take into consideration the fact that the evidence so authorized the verdict that the general grounds of the motion for new trial are not even urged on appeal.").

[3] As to force, the trial court charged only as follows: "The State must also prove the element of force beyond a reasonable doubt. That is, the State must prove the element [of] force to obtain a conviction for forcible rape of a victim under the age of consent. Force may consist of acts of physical force, threats of harm, or intimidation."

(d) Finally, Hutchens generally contends that his trial counsel's investigation and preparation were inadequate and more specifically complains of trial counsel's failure to interview the victim's younger brother and mother, to investigate the reasons for the victim's delayed disclosure, to file motions, and to request jury charges other than the one charge submitted. We disagree.

Hutchens' trial counsel was appointed after his previous counsel withdrew following Hutchens' filing of a bar complaint against him. He testified that during his preparations for trial, he received and reviewed discovery from the state, including the videotaped statements of the victim and Hutchens. He also met with Hutchens several times before trial for periods ranging from 30 minutes to one hour for each visit and discussed the evidence in the case. Trial counsel also discussed the case with Hutchens' former counsel.

"[T]here exists no magic amount of time which a counsel must spend in preparation for trial in order to provide a client with adequate counsel. Each case must be judged upon its own circumstances and in light of its own degree of complexity." (Punctuation and footnote omitted.) *Young v. State*, 245 Ga. App. 684, 686 (2) (538 SE2d 760) (2000). Neither the facts nor law involved in this case were complex, and as previously noted Hutchens agreed with counsel on the strategy to be employed. Hutchens has not established that his trial counsel's preparations were inadequate given the circumstances.

Nor has Hutchens demonstrated that he was prejudiced by any of the specific failures he alleges. He points to no exculpatory information which an interview with the victim's mother or brother could provide or which would be disclosed by further investigation into the delayed reporting. See *Robinson v. State*, 278 Ga. 31, 35 (3) (b) (597 SE2d 386) (2004); *Kelly v. State*, 238 Ga. App. 691, 694-695 (2) (520 SE2d 32) (1999). He also has failed to suggest any motions and additional jury charges, besides the pattern charges which the trial court gave, that were necessary or would have resulted in a favorable outcome at trial. See *Fortson v. State*, 240 Ga. 5 (1) (239 SE2d 335) (1977); *Brantley v. State*, 271 Ga. App. 733, 736 (1) (611 SE2d 71) (2005).

The trial court's determination that Hutchens was afforded effective assistance of counsel was not clearly erroneous.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 20, 2006.

*Louis M. Turchiarelli*, for appellant.

*Garry T. Moss, District Attorney, Allen D. Morris, Wallace W. Rogers, Jr., Assistant District Attorneys*, for appellee.