**FIRST DIVISION
ELLINGTON, C. J.,
PHIPPS, P. J., and DILLARD, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/**

**July 26, 2012**

# In the Court of Appeals of Georgia

A12A1229. JORDAN v. THE STATE.

DILLARD, Judge.

Following a trial by jury, Daniel Jordan was convicted of rape, two counts of aggravated child molestation, and two counts of child molestation related to incidents involving his ex-girlfriend's daughter, A. L. Jordan now appeals these convictions, contending that the evidence was insufficient to sustain them. For the reasons set forth *infra*, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record reflects that during the time in question, Jordan lived with his girlfriend and her three children, including A. L. The girlfriend and her children relocated to Georgia after Hurricane Katrina, and by all accounts, life in the household was tumultuous. Both A. L. and her

---

[1] *See, e.g.*, *DeLong v. State*, 310 Ga. App. 518, 518 (714 SE2d 98) (2011).

mother described incidences of domestic violence involving Jordan, including the mother being struck in front of the children, Jordan holding a gun to the mother's head, and Jordan threatening to burn down the home with the children inside. Additionally, the mother testified to severely beating A. L. and A. L.'s younger brother when the two exhibited sexual curiosity, including an occasion in which she caught A. L. watching Jordan masturbate to pornography in the living room late one night.[2] The mother also admitted to using marijuana and cocaine, with both herself and Jordan being high "most of the time"; maintaining a large collection of pornography in the home; engaging in threesomes with Jordan and women the two picked up in nightclubs, and utilizing a 24-hour daycare center to facilitate this endeavor; and otherwise "not paying attention to [the] kids like [she] should have." Nevertheless, A. L.'s mother became suspicious of Jordan when she caught him watching pornography and masturbating in A. L.'s bedroom when the child was not present.

---

[2] In this particular instance, the mother testified to beating A. L. and "chok[ing] her up." The mother also testified to administering a "bad" beating and "[trying] to kill both" A. L. and her younger brother when A. L. was 8 or 9 years old, after she caught them simulating intercourse. A. L. testified that her mother would administer beatings with a leather belt.

Not long after this incident, one Saturday evening, A. L.'s mother discovered the child—who was 11 years old at the time—naked inside of her bedroom closet, and the mother asked what A. L. was doing. She then made A. L. lie on the bed and spread her legs, and the mother observed a white substance inside A. L.'s vagina. At that point, the mother asked A. L. whether Jordan had ever touched her, and, after making sure Jordan could not hear, A. L. disclosed that he had been molesting her for some time.[3] Specifically, A. L. told her mother that Jordan had engaged in sexual intercourse with her, and she described a mole on his penis. A. L.'s mother then confronted Jordan, who denied touching the girl, proceeded to choke the mother, and refused to allow anyone to leave the apartment for the remainder of the weekend. But on Monday, the mother was able to pick the children up from school, pack up their belongings, and flee to a friend's home, from which she notified law enforcement about A. L.'s allegations.

Thereafter, A. L. was examined by a sexual assault nurse examiner ("SANE"). A. L. disclosed to the SANE that Jordan had put his penis inside her vagina and that

---

[3] The events at trial and described in this opinion solely concern allegations of molestation that occurred when the family lived in a particular apartment complex in Gwinnett County, although A. L. disclosed that Jordan had allegedly abused her in a number of other locations the family had lived across the metro area.

it stung when he did so and bled on one occasion; that Jordan put his penis in her mouth, and she described the look and taste of semen; that Jordan made her engage in sexual intercourse in two different positions; and that Jordan's penis was soft but would become hard. A pelvic exam revealed a 2 centimeter laceration in A. L.'s posterior fourchette—an injury the SANE attributed to A. L.'s allegations of intercourse with Jordan.[4]

In addition to the medical exam, A. L. was interviewed by law enforcement, during which she again described Jordan's penis. Thereafter, a warrant was issued to photograph Jordan's penis, and these photographs revealed a mole just as A. L. had described. Jordan was thereafter indicted on one charge of rape, two counts of aggravated child molestation, one count of aggravated sexual battery, and two counts of child molestation. The jury convicted him of all but the aggravated sexual battery charge.[5] This appeal follows.

At the outset, we note that on appeal of Jordan's criminal conviction, "we view the evidence in the light most favorable to the jury's verdict, and [Jordan] no longer

_____

[4] The SANE also testified that vaginal tissue heals quickly and that there are often no physical injuries from vaginal penetration.

[5] This charge related to an allegation by A. L. that Jordan digitally penetrated her vagina.

4

enjoys a presumption of innocence."[6] And we neither weigh the evidence nor assess witness credibility, "which are tasks that fall within the exclusive province of the jury."[7] With these guiding principles in mind, we turn now to Jordan's enumerations of error.

1. Jordan's sole enumeration of error is that the evidence was insufficient to support his convictions, namely because of the lack of physical or DNA evidence. We disagree and will discuss his convictions in turn.

(a) Jordan was indicted and convicted on one count of forcible rape. A person is guilty of forcible rape "when he has carnal knowledge of . . . [a] female forcibly and against her will . . . ."[8] The State presented sufficient evidence of forcible rape when A. L. testified that Jordan engaged in intercourse with her in various positions, that it hurt, and that she did not consent;[9] the SANE testified to A. L.'s disclosure that

---

[6] *DeLong*, 310 Ga. App. at 519-20.

[7] *Id.* at 520 (punctuation omitted).

[8] OCGA § 16-6-1 (a) (1).

[9] *See* OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact."); *see also Haynes v. State*, 302 Ga. App. 296, 302 (3) n.4 (690 SE2d 925) (2010) ("[A] person under the age of 16 cannot legally consent to a sexual act."); *Bradbury v. State*, 297 Ga. App. 679, 681 (1) (678 SE2d 131) (2009) (sufficient direct and circumstantial evidence of forcible rape by victim's

it stung when Jordan put his penis in her vagina and bled on one occasion;[10] and the SANE testified regarding (and the jury viewed photographic evidence of) the 2 centimeter laceration to A. L.'s posterior fourchette, which the SANE testified was consistent with sexual intercourse as alleged by A. L.[11]

(b) Jordan was convicted on two counts of child molestation, related to having A. L. touch his penis and to masturbating in front of her. A person commits the offense of child molestation when he "[d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or

testimony that she was forced against her will and that intercourse was painful); *Hutchens v. State*, 281 Ga. App. 610, 612 (1) (636 SE2d 773) (2006) (sufficient evidence of force when child victim testified that intercourse was painful), *overruled in part on other grounds*, *Schofield v. Holsey*, 281 Ga. 809, 811-12 n.1 (642 SE2d 56) (2007); *Brown v. State*, 293 Ga. App. 633, 639 (3) (667 SE2d 899) (2008) (despite lack of physical evidence, victim's testimony alone sufficient to sustain conviction of forcible rape).

[10] *See* OCGA § 24-3-16 ("A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another . . . is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.").

[11] *See Howard v. State*, 228 Ga. App. 784, 785 (1) (492 SE2d 759) (1997) ("The physician's testimony that the lacerations in the victim's perineum could be due to forceful intercourse corroborated her statements.").

6

satisfy the sexual desires of either the child or the person . . . ."[12] Jordan was indicted on these counts for "having [A. L.] place her hand on his penis with intent to arouse and satisfy [his] sexual desires" and "by masturbating in front of [A. L.] with intent to arouse and satisfy [his] sexual desires . . . ."

As to the first instance, the evidence was sufficient to support his conviction when the State presented testimony by A. L. that Jordan made her masturbate him, which she demonstrated, and her description of Jordan's penis as "squishy" and then "hard," followed by a description of semen; A. L.'s description of the mole on Jordan's penis, and the corroborating photographic evidence; the testimony of the SANE, to whom A. L. described the look of semen and that Jordan's penis was soft but would become hard.[13]

As to the second instance, A. L. testified that she observed Jordan watching pornography on the computer in the family room. A. L.'s mother testified that on that

---

[12] OCGA § 16-6-4 (a) (1).

[13] *See Obeginski v. State*, 313 Ga. App. 567, 568-69 (1) (722 SE2d 162) (2012) (sufficient evidence of child molestation when victim described moving hand up defendant's penis); *see also Lipscomb v. State*, No. A12A0506, 2012 WL 1150231, at *2 (1) (Ga. App. April 9, 2012) (victim's claim that defendant's genitals were exposed to her was corroborated by description of defendant's penis and photographic evidence of same).

night, A. L. came in and out of her bedroom and that if A. L. watched Jordan from a certain angle, "he must have knew [sic] she was watching him because she was in and out," and "if he was watching it while she was up, he knew she was watching him." Although Jordan testified that he believed that he was alone and that he only became aware of A. L.'s presence when the mother caught her watching, he testified to being at an angle at which A. L. could see his genitalia. Jordan's intent on the night in question was "peculiarly a question for determination by the jury,"[14] and viewed in the light most favorable to the verdict, the evidence was sufficient for the jury to infer that Jordan masturbated in the presence of A. L. with the intent to arouse and satisfy his sexual desires.[15]

(c) Finally, Jordan was convicted of two counts of aggravated child molestation. A person commits the offense of aggravated child molestation "when such person commits an offense of child molestation which act physically injures the

---

[14] *Sanders v. State*, 308 Ga. App. 303, 305 (1) (b) (707 SE2d 538) (2011) (punctuation omitted).

[15] *See Rainey v. State*, 261 Ga. App. 888, 890 (1) (584 SE2d 13) (2003) ("[T]he jury was authorized to conclude that [the defendant] was aware of the victim's presence and that he sought to expose himself to her for the purpose of satisfying his own sexual desires.").

child or involves an act of sodomy."[16] Jordan was indicted for this offense in that he "put[ ] his mouth on [A. L.'s] vagina" and in that he "put[ ] his penis in [A. L.'s] mouth . . . ." The State presented sufficient evidence of this offense when A. L. testified that Jordan performed oral sex on her and made her perform oral sex upon him,[17] which was corroborated by the testimony of the SANE that A. L. disclosed that Jordan put his penis in her mouth and that A. L. described the look and taste of semen.[18]

For all the foregoing reasons, we affirm Jordan's convictions.

*Judgment affirmed. Ellington, C. J., and Phipps, P. J., concur.*

---

[16] OCGA § 16-6-4 (c).

[17] *See* OCGA § 24-4-8; *see also Obeginski*, 313 Ga. App. at 569 (1) (sufficient evidence of child molestation when defendant engaged in oral sex with victim).

[18] *See* OCGA § 24-3-16.