# Court of Appeals
# of the State of Georgia

ATLANTA,  November 13, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0474.  DANIEL JORDAN v. THE STATE.**

In 2010, a jury found Daniel Jordan guilty of rape and two counts each of aggravated child molestation and child molestation, and the trial court imposed a total sentence of 50 years' imprisonment, to be followed by life on probation.  We affirmed Jordan's judgment of conviction in 2012, and our remittitur issued later that year. *Jordan v. State*, 317 Ga. App. 160 (730 SE2d 723) (2012).

In 2017, Jordan filed a motion to vacate a void sentence, which the trial court denied.  Jordan then filed the instant notice of appeal, seeking appellate review of his 2010 conviction and the 2017 denial of his motion to vacate.  We lack jurisdiction.

First, Jordan's attempted second appeal of his 2010 conviction is both untimely and barred by res judicata.  See OCGA § 5-6-38 (a) (a notice of appeal must be filed within 30 days of entry of the order sought to be appealed); *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995) (the proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court); *Ward v. State*, 299 Ga. App. 63, 64 (682 SE2d 128) (2009) ("Ordinarily, our determination on direct appeal of a criminal judgment is res judicata, and a criminal defendant is not entitled to another bite at the apple by way of a second appeal.") (punctuation omitted).

Second, a direct appeal lies from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.[1]  See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg*

---

[1] Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal,

*v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). In his motion to vacate, Jordan claims that his sentences should be modified because the trial court failed to exercise its discretion to impose lower sentences. He does not, however, raise a colorable claim that his sentences fall outside the statutory ranges of punishment.[2] See *von Thomas*, 293 Ga. at 572 (2); *Jones*, 278 Ga. at 670. Absent a colorable void-sentence claim, we lack jurisdiction over this appeal.

For each of the above reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  11/13/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____, *Clerk.*

---

whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id.

[2] Jordan's passing, conclusory assertion that he was "not eligible" for a life sentence for his rape conviction is belied by the plain language of the rape statute. See OCGA § 16-6-1 (b) (rape is punishable by, inter alia, "a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life").