# Court of Appeals
# of the State of Georgia

ATLANTA,  June 04, 2021

*The Court of Appeals hereby passes the following order:*

**A21A0170. DANIEL JORDAN v. THE STATE.**

Daniel Jordan was convicted of one count of rape, two counts of aggravated child molestation, and two counts of child molestation. The trial court sentenced him to thirty years' imprisonment and life on probation for rape; concurrent sentences of thirty years' imprisonment and life on probation for each count of aggravated child molestation; and consecutive terms of ten years' imprisonment for each count of child molestation. This Court affirmed Jordan's convictions in 2012. See *Jordan v. State*, 317 Ga. App. 160 (730 SE2d 723) (2012). Subsequently, Jordan filed motions challenging his sentence as void. The trial court dismissed the motions. On appeal, we concluded that Jordan's sentences for child molestation were void under former OCGA § 17-10-6.2 (b) because the trial court sentenced him to ten years' imprisonment rather than split sentences with at least one year of probation. See Case No. A18A1830 (November 27, 2018). Accordingly, we vacated Jordan's sentences on the child-molestation counts and remanded the case for resentencing consistent with the mandates of that statutory section.

The trial court entered an amended sentence in January 2019, followed by a second amended sentence in February 2019. Jordan's second amended sentence is identical to his original sentence except as to the child-molestation counts. On those counts, the trial court sentenced Jordan to ten years with nine years to serve followed by one year probation.

More than a year later, in March 2020, Jordan filed a pro se "Motion to Challenge Void Sentence/Motion to Modify/Reduce Sentence," arguing that his

second amended sentence is void because the trial court did not properly implement this Court's direction on remand and because he was not present in court for the resentencing. The trial court denied the motion, and Jordan filed this appeal. We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may only modify a void sentence. Id. And a direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomasv. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). "Rulings on pleadings asserting erroneous procedure or unfair treatment are not subject to direct appeal because they are not rulings on whether the sentence is void. Rather, a petition for writ of habeas corpus is the means for seeking sentence review for such allegations." *Jones v. State*, 278 Ga. 669, 671 (604 S.E.2d 483) (2004).

Here, Jordan does not contend that his sentence is longer than the law allows. Instead, he contends that it is void because the trial court did not follow this Court's direction and because he was not present at the resentencing hearing. These are not valid void-sentence claims, and Jordan is not entitled to appeal the trial court's order denying his motion. See *Jones*, 278 Ga. at 671. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* __06/04/2021__

        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____ , *Clerk.*