**SECOND DIVISION**
**MERCIER, C. J.,**
**MILLER, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 24, 2024**

# In the Court of Appeals of Georgia

A23A1675. CLARK v. THE STATE.

MILLER, Presiding Judge.

Following a jury trial, Shawn Clark was convicted of child molestation and public indecency. Clark appeals following his convictions and sentence and the denial of his motion for new trial, claiming that the evidence was insufficient to support his child molestation conviction and that the trial court plainly erred in instructing the jury and in allowing certain expert testimony. We disagree and therefore affirm Clark's convictions and sentence and the denial of his motion for new trial.

Viewed in the light most favorable to the verdicts,[1] the evidence at trial showed that on December 2, 2018, Clark was an inmate in the Henry County Jail when his

---

[1] See *Patch v. State*, 337 Ga. App. 233, 235 (1) (786 SE2d 882) (2016).

girlfriend Venessa Parker and their three-year-old daughter A. P. visited him. The visitation area consists of two sides, one for inmates and one for visitors, which contain three booths with stools, counters, and telephones and which are separated from the other side by transparent plexiglass. The stools in adjoining booths are approximately two feet apart from each other, and an individual in one booth can see into the other booths.

During the visit, Clark spoke with A. P. before telling Parker that he wanted to see her private parts. Parker pulled down her pants and put her private parts up to the plexiglass for Clark to see.[2] Parker attempted to block A. P. from seeing her private parts by placing her jacket over her lap. Clark pulled his penis out of his pants, placed lubricant on it, and masturbated, occasionally standing up while he did so. A. P. initially wandered around the visitation area and the other booths while Clark was masturbating, but at one point A. P. was standing behind Parker's booth in Clark's "clear view" and was facing Clark while he masturbated. Prison guards saw Clark masturbating and stopped the visit. Clark subsequently told the guards that "if it

---

[2] Parker pled guilty to public indecency based on the incident.

wasn't on camera, nothing happened." The jury observed both a video recording and photographs of the visit at trial.

At trial, law enforcement officers familiar with the visitation area testified that based on the respective vantage points of Clark and A. P., the two could have seen each other while Clark was masturbating. However, Parker testified that A. P. did not see Clark masturbating because she was not paying attention to him.

Clark was charged with child molestation (OCGA § 16-6-4 (a)) and public indecency (OCGA § 16-6-8), and the jury found him guilty on both counts. The trial court sentenced Clark to 20 years, with the first 10 years to be served in confinement and the remainder on probation. Clark filed a motion for new trial, which the trial court denied after a hearing. This appeal followed.

1. Clark argues that the evidence was insufficient to convict him of child molestation for two reasons. First, Clark argues that he was not aroused due to the presence of A. P. but due to the presence of Parker, and a natural reading of OCGA § 16-6-4 (a) indicates that the State must prove that the defendant aroused himself due to the child's presence. Second, he argues that the evidence did not show that Clark masturbated "in the presence of" A. P. because there was a significant physical barrier

3

between him and the child, the child's view of him was blocked by the barrier and Parker, and there was no testimony that the child saw his penis. We reject Clark's interpretation of the child molestation statute and conclude that the evidence authorized the jury to find that he masturbated in A. P.'s presence.

> When a defendant challenges the sufficiency of the evidence supporting his criminal conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. It is the function of the jury, not the reviewing court, to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the evidence. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [S]tate's case, the jury's verdict will be upheld.

(Citations, punctuation, and emphasis omitted.) *Thomas v. State*, 324 Ga. App. 26 (748 SE2d 509) (2013).

A reading of the child molestation statute and an examination of the relevant case law establishes that the defendant need not be aroused due to the presence of the child to sustain a conviction under the statute. At the time of Clark's conduct in

2018,[3] OCGA § 16-6-4 (a) (1) provided that "[a] person commits the offense of child molestation when such person . . . [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[.]"[4] Thus, to convict Clark of child molestation, the State needed to prove the following elements: "(1) commission of an immoral or indecent act; (2) to or in the presence of or with any child under the age of 16; (3) with the intent to arouse or satisfy the sexual desires of either the child or the perpetrator." *Gable v. State*, 222 Ga. App. 768, 769-770 (1) (476 SE2d 66) (1996).

> Under our well-established rules of statutory construction, we presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.

---

[3] "[I]t has long been the law in this state that, in general, a crime is to be construed and punished according to the provisions of the law existing at the time of its commission." *Fleming v. State*, 271 Ga. 587, 590 (523 SE2d 315) (1999).

[4] The statute was amended in 2022 to change the phrase "any immoral or indecent act" to "an immoral or indecent act." See Ga. L. 2022, p. 104, § 1.

(Citation and punctuation omitted.) *Scott v. State*, 299 Ga. 568, 571 (2) (788 SE2d 468) (2016). Further, we must "interpret the statute as a whole, striving to make all its parts harmonize and to give a sensible and intelligent effect to each part, and to avoid constructions that make some language mere surplusage." (Citations and punctuation omitted.) *State v. Free At Last Bail Bonds*, 285 Ga. App. 734, 737 (647 SE2d 402) (2007).

The child molestation statute simply refers to "the sexual desires of either the child or the person" and provides no indication that the defendant must be aroused due to the child's presence. Indeed, that the statute covers the commission of an immoral or indecent act "in the presence of" a child shows that the child does not need to be a motivating factor for the improper act. Binding precedent applying the statute also shows that the defendant need not be aroused due to the child's presence. Specifically, this Court has held that a husband and wife who engaged in an "open and intentional act of sexual intercourse" with each other in the presence of five children could be convicted of child molestation. *Grimsley v. State*, 233 Ga. App. 781, 784-785 (1) (505 SE2d 522) (1998). This Court has also held that a defendant could be convicted of child molestation when he masturbated and watched pornography while

6

a child was moving around the house and when he was aware that the child could see him. *Jordan v. State*, 317 Ga. App. 160, 163-164 (1) (b) (730 SE2d 723) (2012); see also *Brown v. State*, 324 Ga. App. 718, 720-721 (1) (751 SE2d 517) (2013) (the child molestation statute "requires only that the defendant have acted with the intent to arouse his sexual desires").

Clark's concern that the child molestation statute could be applied to innocuous conduct is addressed by other elements of the statute. Significantly, the statute only applies to "immoral or indecent" acts, and we have generally held that the defendant must be aware of the child's presence during the act. See *Rainey v. State*, 261 Ga. App. 888, 890 (1) (584 SE2d 13) (2003) (evidence supported child molestation conviction because "the jury was authorized to conclude that [the defendant] was aware of the victim's presence and that he sought to expose himself to her for the purpose of satisfying his own sexual desires"). "Immoral or indecent acts constituting child molestation refer to acts generally viewed as morally indelicate or improper or offensive, and which offend against the public's sense of propriety." (Citation and punctuation omitted.) *Wormley v. State*, 255 Ga. App. 347, 348 (565 SE2d 530) (2002). Clark relies upon this Court's prior rejection of the hypothetical argument that

"taking a picture of a potted plant might be an act of child molestation if there is sufficient evidence to show that the photographer acted with sexual intent." See *Rice v. State*, 357 Ga. App. 873, 876-877 (1) (b) (852 SE2d 579) (2020). However, in *Rice* this Court simply addressed the issue of whether the act of taking photographs of children who were clothed and sleeping was "immoral and indecent" — not the issue of what the defendant must be aroused by. See id. Thus, we reject Clark's argument that under the child molestation statute the defendant's arousal must always be due to the presence of the child.

We also disagree with Clark's assertion that because masturbating in public where children might see is covered by the public indecency statute, the rule of lenity requires that a perpetrator who has engaged in such conduct be punished for the lesser offense of public indecency.

> [T]he rule of lenity finds its roots in the vagueness doctrine, which requires fair warning as to what conduct is proscribed. More specifically, the rule of lenity ensures that if and when an ambiguity exists in one or more statutes, such that the law exacts varying degrees of punishment for the same offense, the ambiguity will be resolved in favor of a defendant, who will then receive the lesser punishment. Of course, if it is determined after applying the traditional canons of construction that the relevant statutory text is unambiguous, then the rule of lenity will not

apply. The fundamental inquiry when making that assessment is whether the identical conduct would support a conviction under either of two crimes with differing penalties.

(Citation omitted.) *Koroma v. State*, 350 Ga. App. 530, 531 (2) (827 SE2d 903) (2019). "Put another way, the operative question is whether [Clark's] conduct, as charged, subjected him to prosecution and sentencing under both statutes." (Citation and punctuation omitted.) Id.; see also *Banta v. State*, 281 Ga. 615, 618 (2) (642 SE2d 51) (2007) ("[T]hat a single act may, as a factual matter, violate more than one penal statute does not implicate the rule of lenity.").

OCGA § 16-6-8 (a) (2) provides that "a person commits the offense of public indecency when he or she performs" certain acts "in a public place," including "[a] lewd exposure of the sexual organs[.]" Clark was charged with child molestation based on him masturbating in A. P.'s presence, while he was charged with public indecency based on him lewdly exposing his penis at the jail, a public place. The offense of child molestation required proof of additional facts which public indecency did not: that the victim be under the age of 16 and that Clark sought to arouse his own sexual desires. See *Koroma*, supra, 350 Ga. App. at 532-533 (2). And the offense of public indecency required proof of an additional fact which child molestation did not: that the act be

9

performed in a public place. "Because different facts were required to prove these offenses, the rule of lenity does not apply." *Quaweay v. State*, 274 Ga. App. 657, 658 (618 SE2d 707) (2005).

We conclude that the evidence authorized the jury to find that Clark masturbated "in the presence of" A. P. "[T]his Court has made clear that the presence element of child molestation is satisfied where the accused and the victim were in close physical proximity (such as in the same room or on the same piece of furniture) and the defendant was aware of the child's presence at the time he committed the immoral or indecent act at issue." *Prophitt v. State*, 336 Ga. App. 262, 265 (784 SE2d 103) (2016) (physical precedent only); see id. at 268 ("[F]or an accused and victim to be together, they must be in the same location — i.e., they must be in close enough physical proximity that they each would at least have the opportunity to observe the other — regardless of whether the child actually does observe the defendant's conduct."). Here, Clark and A. P. were within three feet of each other in the same visitation area separated only by transparent plexiglass, and they were visible to each other while Clark masturbated. This evidence was sufficient for a jury to conclude that Clark masturbated in the presence of A. P. See *Jordan*,

supra, 317 Ga. App. at 163-164 (1) (b) (evidence supported the defendant's child molestation conviction because he masturbated and watched pornography while the child was moving around the house and he was aware that the child could see him). Compare *Prophitt*, supra, 336 Ga. App. at 262-263, 268 (conduct did not occur in the child's presence, where the defendant positioned himself seven to eight feet underneath a house and masturbated while observing the child shower through a hole in the bathroom floor that was one inch long and one-half inch wide, and it would have been physically impossible for the child to see the defendant); *Selfe v. State*, 290 Ga. App. 857, 859-861 (1) (660 SE2d 727) (2008) (conduct occurring over a webcam does not constitute child molestation because it does not occur in the child's presence), disapproved of on other grounds, *Gordon v. State*, 334 Ga. App. 633, 637 (780 SE2d 376) (2015).

Moreover, the State was not required to prove that A. P. actually saw Clark masturbating. "[T]he mere exposure of sexual organs to a child is sufficient evidence of child molestation, and neither physical contact with the child nor the child's actual sight of the sexual organs is required." (Citation omitted.) *Clemens v. State*, 318 Ga. App. 16, 20 (3) (733 SE2d 67) (2012). All that is required under the child molestation

statute is that the immoral or indecent act occur in the child's presence. *Jackson v. State*, 344 Ga. App. 618, 620 (1) (810 SE2d 6720 (2018). In this case, there was ample evidence — including the video recording and photographs of the incident showing that Clark and A. P. were in close physical proximity and that Clark was aware of A. P.'s presence— from which the jury could find that Clark masturbated in A. P.'s presence. See id. (upholding child molestation conviction because there was evidence from which the jury could infer that the defendant masturbated in the child's presence); *Klausen v. State*, 294 Ga. App. 463, 464-465 (1) (669 SE2d 460) (2008) (evidence supported child molestation conviction because the defendant masturbated while a child was on a sofa with him, even though the child "may not have been fully aware of what was occurring").

Accordingly, we conclude that the evidence was sufficient to support Clark's conviction for child molestation.

2. Next, Clark argues that the trial court plainly erred by instructing the jury as follows: "The requirement that an act of child molestation be committed in the child's presence is met when the accused is aware of the child's presence. The child need not see the accused's sex organ or even be aware of the accused's presence at the time of

the indecent act for the jury to find the child is in the accused's presence." Clark

asserts that under *Prophitt*, supra, 336 Ga. App. 262, a defendant's mere awareness of

the child's presence is not sufficient to prove the presence element of child

molestation and that the instruction allowed the jury to convict him of child

molestation regardless of what caused his arousal. We conclude that the trial court did

not plainly err in giving this instruction.

This Court reviews a challenged jury instruction for plain error where, as here,

the defendant did not object to it at trial. *State v. Kelly*, 290 Ga. 29, 31-32 (1) (718

SE2d 232) (2011); OCGA § 17-8-58 (b). An appellant seeking to establish plain error

must make four showings:

> First, there must be an error or defect — some sort of deviation from a
> legal rule — that has not been intentionally relinquished or abandoned,
> i.e., affirmatively waived, by the appellant. Second, the legal error must
> be clear or obvious, rather than subject to reasonable dispute. Third, the
> error must have affected the appellant's substantial rights, which in the
> ordinary case means he must demonstrate that it affected the outcome
> of the trial court proceedings. Fourth and finally, if the above three
> prongs are satisfied, the appellate court has the discretion to remedy the
> error — discretion which ought to be exercised only if the error seriously
> affects the fairness, integrity or public reputation of judicial proceedings.

(Citation, punctuation, and emphasis omitted.) *Kelly*, supra, 290 Ga. at 33 (2) (a). "Satisfying all four prongs of this standard is difficult, as it should be." (Citation and punctuation omitted.) Id.

We conclude that the trial court did not commit clear or obvious error in instructing the jury here. Significantly, the principles contained in the challenged instruction constituted a correct statement of the law. As discussed above in Division 1, an act of child molestation may occur in the child's presence when the defendant is aware of the child's presence; the child does not need to actually see the defendant's genitals; and the defendant does not need to be aroused by the child's presence. Because the trial court correctly instructed the jury on the elements of child molestation, Clark cannot establish that the trial court committed plain error. See *Pye v. State*. 322 Ga. App. 125, 128-129 (2) (742 SE2d 770) (2013) (defendant could not establish plain error in the trial court's jury instruction because the instruction was a correct statement of the law).

3. Clark further argues that the trial court plainly erred by allowing Investigator Greg Patterson of the Henry County Sheriff's Office to testify as a legal expert and explain child molestation and public indecency for the jury. Specifically, Clark asserts

that Patterson was improperly allowed to testify that (a) in his investigations, both individuals who had touched a child and those who had not were charged with child molestation, and (b) he had investigated cases "as child molestation" where a suspect showed pornography to a child and masturbated in the child's presence, but he had cited people who had urinated in the woods for public indecency. We conclude that the trial court did not plainly err in allowing the challenged testimony.

Our review of this issue is limited to plain error because Clark did not object to Patterson's testimony at trial. See OCGA § 24-1-103 (a) (1), (d); *Watson v. State*, 303 Ga. 758, 761 (2) (c) (814 SE2d 396) (2018).

Here, the trial court did not commit clear or obvious error in allowing the testimony. Although "an expert witness may not testify as to his opinion regarding ultimate legal conclusions," (Citation omitted.) *Fireman's Fund Ins. Co. v. Holder Constr. Group*, 362 Ga. App. 367, 374 (1) (b) (868 SE2d 485) (2022), Patterson did not testify that Clark's conduct constituted child molestation or public indecency but instead merely explained what offenses certain defendants had been charged with in his investigations.

Even if Patterson improperly opined on what conduct constitutes child molestation or public indecency, any error in allowing his testimony did not affect the jury's verdicts. When the State asked Patterson if a person's arousal needed to be caused by a child in order to be charged with child molestation, Clark objected on the basis that Patterson could not give a legal opinion, and the trial court sustained the objection and told the jury that it would take the law the court provided. Before deliberations began, the court reaffirmed to the jury that the court was responsible for instructing it on the law. The court also instructed the jury that it was not required to accept the testimony of any witnesses, "expert or otherwise." Thus, the jury was aware that it should follow the law given by the court and that it did not have to accept Patterson's testimony. See, e.g., *Mike v. State*, 358 Ga. App. 113, 118 (3) (b) (853 SE2d 887) (2021) (trial court lessened the prejudicial impact of certain evidence by instructing the jury to consider the evidence for only the limited purpose of proving intent or the absence of mistake or accident). Further, the potential implication of Patterson's testimony — that a defendant need not touch a child in order to commit child molestation — was correct, as we explained in Division 1. And there was ample evidence, including the video recording and photographs of the incident, that Clark

committed child molestation and public indecency. See *Gates v. State*, 298 Ga. 324, 328 (3) (781 SE2d 772) (2016) (the defendant could not establish that any error in the admission of evidence likely affected the outcome of his trial, in light of the overwhelming evidence of his guilt). Accordingly, the trial court did not plainly err in allowing Patterson's testimony.

4. Finally, Clark argues that the cumulative effect of the errors asserted in Divisions 2 and 3 requires a new trial. However, given our conclusion that the trial court did not commit any plain error, this argument lacks merit. See *Heade v. State*, 312 Ga. 19, 29 (5) (860 SE2d 509) (2021) (defendant's cumulative error argument failed when there were no errors to cumulate).

Accordingly, we affirm Clark's convictions and sentence and the denial of his motion for new trial.

*Judgment affirmed. Mercier, C. J., and Hodges, J., concur.*